Robert T. Munger (applicant) filed a complaint in the Circuit Court of Madison County against the State Board for Registration of Architects and its members (board), following the board's refusal to issue him a certificate of registration to practice architecture in this state. Prior to answering the complaint, the board filed a motion alleging improper venue and requesting that the action be transferred to Montgomery circuit court. The trial court denied the motion to transfer. Thereafter, the board filed this petition for a writ of mandamus.
The sole issue before us at this point is whether the trial court abused its discretion in denying the board's motion to transfer the suit to Montgomery circuit court.
Initially, we note that in order for this court to issue a writ of mandamus, there must be credible allegations, ironclad in nature, showing that the trial court is bound by law to do what the petitioner (here the board) requests. Segars v.Segars, 333 So.2d 155 (Ala.Civ.App. 1976). Furthermore, a transfer of venue is not authorized except for improper venue. Ex parte Water Works Bd. of Gulf Shores,508 So.2d 242 (Ala. 1987). The burden of proving improper venue is on the party raising the issue, and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial court. Ex parte Finance Am. Corp.,507 So.2d 458 (Ala. 1987).
In its petition for a writ of mandamus, the board asserts that § 34-2-34, Ala. Code 1975, places venue for appeals from all refusals to issue a certificate of registration in Montgomery circuit court. While we are mindful of the fact that the third paragraph of § 34-2-34 provides that "[i]n all cases of refusal, suspension or revocation of his certificate of registration, the accused may appeal to the circuit court of Montgomery county, Alabama," we find that this provision must be read in the context of the two paragraphs preceding it.
The first paragraph of § 34-2-34 provides that the board may refuse to issue a certificate to an architect who is found guilty of one of six enumerated offenses. It is obvious from a reading of the six offenses, however, that none of them is applicable under the facts of this case as each relates to some form of misconduct or *Page 55 
wrongdoing by the architect. Here, it is apparent that the board's refusal to grant the applicant a certificate of registration to practice was predicated solely on the fact that he did not achieve a passing score on the subjectively graded portion of the licensure examination, rather than misconduct or wrongdoing. The second paragraph of § 34-2-34 goes on to provide the due process requirements for notifying the "accused" of the "nature of the charges placed against him."
A careful reading of § 34-2-34 in its entirety leads us to the inevitable conclusion that the provision mandates venue in Montgomery circuit court only in cases where the appeal follows a finding by the board that the applicant is guilty of one of the six offenses enumerated in the first paragraph of the statute, and in light of the fact that such is not the case here, we find that § 34-2-34 is inapplicable in this case.
In consideration of the above, we are satisfied that the board is not entitled to the issuance of a writ of mandamus.
WRIT DENIED.
ROBERTSON and RUSSELL, JJ., concur.