Marc Nichols filed a complaint in the Shelby Circuit Court on March 3, 1993, against Waffle House, Inc., and Ingram Plumbing, claiming workers' compensation benefits. The complaint was later amended to include Houston Plumbing as a defendant.[1] On April 27, 1993, the Municipal Workers' Compensation Fund, Inc. (the "Fund"), filed a motion to intervene, to state a claim against Nichols. That motion was granted on May 7, 1993. The case was transferred to the Baldwin Circuit Court on February 15, 1994.
All three defendants moved for summary judgment. On June 19, 1994, the court granted Houston Plumbing's motion for summary judgment; on June 13, 1995, it granted Waffle House's motion for summary judgment; and on July 18, 1995, it granted Ingram Plumbing's motion for summary judgment. Nichols appealed these orders while the Fund's claim against him was still pending. On June 28, 1996, this court conditionally dismissed Nichols's appeal because the orders appealed from had not been made final pursuant to Rule 54(b), Ala. R. Civ. P. This court stated in an order that "unless the trial court enters a Rule 54(b) certification within 10 days . . . this appeal is dismissed." The trial court did not enter a Rule 54(b) certification and, accordingly, this court dismissed the appeal on July 8, 1996.
On September 7, 1995, the trial court entered judgment by default in favor of the Fund in the amount of $13,328.97 against Nichols. On January 23, 1997, Waffle House filed a "motion to dismiss," which the trial court purported to grant on March 18, 1997. On August 6, 1997, Houston Plumbing filed a "motion to dismiss." On August 11, 1997, the trial court purported to enter another summary judgment in favor of Houston Plumbing and Ingram Plumbing, and it purported to make this new judgment final pursuant to Rule 54(b). On September 4, 1997, Nichols again appealed, naming as appellees Ingram Plumbing, Houston Plumbing, and Waffle House. This court incorporated the record from the original appeal into the record for this appealex mero motu.
We must first consider whether this court has jurisdiction over this appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Wallace v. Tee Jays Mfg. Co.,689 So.2d 210, 211 (Ala.Civ.App. 1997). When the judgment in favor of the Fund was entered on September 7, 1995, the trial court completed its adjudication of all matters in controversy between the litigants. Yet, it appears that the case remained on the trial court's docket. A judgment that conclusively determines all of the issues before the court and ascertains and declares the rights of the parties involved is a final judgment. Crane v. American Cast Iron Pipe Co., 682 So.2d 1389,1390 (Ala.Civ.App. 1996). Although the trial court subsequently purported to make "final" the Fund's default judgment, purported to grant Waffle *Page 456 
House's "motion to dismiss," and purported to enter a new summary judgment in favor of Houston Plumbing and Ingram Plumbing, it had no jurisdiction to do any of those things. "[A] court cannot, by its subsequent action, divest a decree of its character of finality. A final decree is not rendered interlocutory by the retention of the case on the docket, nor by the subsequent rendition of another decree therein."Mingledorff v. Falkville Downtown Redevelopment Authority,641 So.2d 830, 832 (Ala.Civ.App. 1994), quoting 30A C.J.S. Equity, § 582, p. 649 (1965).
There were no post-judgment motions filed following the entry of the September 7, 1995, default judgment. The entry of that default judgment made the earlier summary judgments "final." Therefore, Nichols had 42 days from September 7, 1995, to appeal. Rule 4(a), Ala. R.App. P. This appeal was not filed within that time. Rule 2(a)(1), Ala. R.App. P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Because the notice of appeal was not timely filed, we dismiss Nichols's appeal.
APPEAL DISMISSED.
CRAWLEY, J., concurs.
MONROE, J., concurs specially.
YATES, J., concurs in the result.
ROBERTSON, P.J., dissents.
[1] Nichols's complaint was filed against "Ingram Plumbing" and "Houston Plumbing." The record reflects that these parties are Jack A. Ingram, d/b/a Ingram Plumbing and Jim Houston, d/b/a Houston Plumbing.