845 So.2d 777 (2002)
Rolfe C. HARPER III
v.
BROWN, STAGNER, RICHARDSON, INC.
Brown, Stagner, Richardson, Inc.
v.
Rolfe C. Harper III.
1011109 and 1011205.
Supreme Court of Alabama.
September 6, 2002.
*778 Paul V. Lagarde and James H. McDonald, Jr., of Alford, Clausen & McDonald, L.L.C., Mobile, for appellant/cross-appellee Rolfe C. Harper III.
Dennis G. Pantazis and Brian M. Clark of Gordon, Silberman, Wiggins & Childs, P.C., Birmingham, for appellee/cross-appellant Brown, Stagner, Richardson, Inc.
WOODALL, Justice.
On November 28, 2001, the trial court entered a summary judgment in the amount of $113,115.34 for Brown, Stagner, Richardson, Inc. ("Brown"), and against Rolfe C. Harper III ("Harper"). The summary judgment included no prejudgment interest or punitive damages. Harper appeals from the summary judgment against him, and Brown cross-appeals from that judgment, but only with regard to the trial court's refusal to award prejudgment interest and its refusal to allow a trial with regard to punitive damages. With regard to Harper's appeal (case no. 1011109), we reverse and remand. With regard to Brown's cross-appeal (case no. 1011205), we dismiss.

I.
Brown initially sued only Harper Sales Company, Inc. ("Harper Sales"). "The trial court conducted a trial on [Brown's] claims against Harper Sales. The jury returned a verdict in favor of [Brown] and awarded damages of $113,115.34. The trial court entered a judgment on that verdict." Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 191 (Ala.Civ.App.1999). The judgment against Harper Sales became final on July 17, 2000, when the trial court dismissed with prejudice the counterclaim filed by Harper Sales against Brown. There was no appeal from that final judgment.
On March 28, 2001, more than eight months after the entry of final judgment, Brown filed a motion, stating that "pursuant to Ala. R. Civ. P. 60(b)[, it] moves this court for an order amending the complaint... to add Rolfe C. Harper, III as a party defendant." Brown attached to its motion an amended complaint against Harper, which it described as an "action to pierce the corporate veil" in order to impose personal liability upon Harper. The trial court granted Brown's motion on April 10, 2001.
The amended complaint was served upon Harper on May 8, 2001. On June 7, 2001, Harper filed a motion, asking the trial court to reconsider its order allowing amendment of the complaint, and, alternatively, asking that the amended complaint be dismissed. His first argument in that motion was that Brown's use of Ala. R. Civ. P. 60(b) "to assert new claims against a new defendant" was improper.
On July 2, 2001, Brown responded to Harper's motion. On July 3, 2001, the trial court denied Harper's motion. Harper then filed his answer on July 20, 2001. As one of his defenses, Harper stated in his answer that the "action is due to be dismissed because it raises new claims *779 against a new defendant postjudgment and is not a proper application of Rule 60(b)."
As previously mentioned, on November 28, 2001, the trial court entered a summary judgment in the amount of $113,115.34 for Brown and against Harper. On December 28, 2001, Harper filed a motion to vacate that judgment. On January 16, 2002, the trial court denied Harper's motion to vacate the judgment. These appeals followed.

II.
On July 17, 2000, the trial court entered a final judgment, which, by its own terms, "conclude[d] this entire case." However, on March 28, 2001, Brown, purportedly pursuant to Ala. R. Civ. P. 60(b), moved for leave to amend its complaint to add Harper as a defendant and to assert new claims against him. On April 10, 2001, the trial court granted Brown's motion. We hold that the trial court erred in doing so; therefore, we pretermit discussion of the other issues raised by the parties.
Rule 60 is entitled "Relief from Judgment or Order." "Subdivision (b) ... specifies certain limited grounds upon which final judgments may be attacked, even after the normal procedures of motion for a new trial and appeal are no longer available." Ala. R. Civ. P. 60, Committee Comments on 1973 Adoption. Rule 60 contains no provision contemplating its use as a means to add new claims against a new defendant after a final judgment has been entered.
When Brown sought to add Harper as a defendant, it claimed to be making its motion pursuant to Rule 60(b). However, the motion did not attack the judgment in its favor against Harper Sales, and the motion sought no relief from that judgment. Instead, Brown's motion sought only to amend its complaint to add Harper as a defendant, relief clearly not contemplated by Rule 60.
In the trial court, Brown admitted that its motion "[did] not seek `relief' from the judgment in the traditional sense." Memorandum in Support of Plaintiff's Motion pursuant to Ala. R. Civ. P. 60(b) to Add Rolfe C. Harper as a Defendant, at 3. However, Brown argued that a "purpose of Rule 60(b)(6) is to provide an avenue to present good cause why a party should ... have a judgment modified." Id. Similarly, on appeal, Brown argues that Rule 60 "provides the procedural vehicle" by which the trial court can "modify and amend judgments." Brief of Appellee, at 27. Brown's argument has no merit.
By its title, it is clear that Ala. R. Civ. P. 59, in pertinent part, deals with the "Amendment of Judgments." In fact, Rule 59(e) provides that "[a] motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment." Since Brown's motion was filed more than eight months after the entry of final judgment, no relief was available to it under Rule 59, the only rule dealing with the modification or amendment of a judgment.
This Court recently held that a trial court erred in allowing plaintiffs to amend their complaint to add additional defendants after a final judgment had been entered. See Pratt Capital, Inc. v. Boyett, 840 So.2d 138 (Ala.2002). Although the facts of this case differ somewhat from the facts of that case, our holding today is consistent with our holding in Pratt Capital, Inc., and in the cases cited therein.

III.
For the aforesaid reasons, the summary judgment for Brown and against Harper is reversed, and the case is remanded for an order consistent with this opinion. Because Brown is entitled to no recovery *780 from Harper in this action, we must dismiss the cross-appeal as moot.
1011109REVERSED AND REMANDED.
1011205DISMISSED.
MOORE, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
HOUSTON, J., concurs in the result.
HOUSTON, Justice (concurring in the result).
I concur in the result. Harper Sales Company, Inc., was the trade name under which Redmond Brokerage Company, Incorporated, did business. In accordance with Hughes v. Cox, 601 So.2d 465 (Ala. 1992), a judgment against Harper Sales would be a judgment against Redmond Brokerage. I dissented in Hughes v. Cox, and, although I must follow the holding in that case, I will not extend that holding to hold that a judgment against Hughes Sales is a judgment against Rolfe C. Harper III.
I concur in the result because the majority opinion holds that Brown cannot recover from Rolfe C. Harper III in this case. Even without extending the holding in Hughes, there is a factual issue as to whether Harper is individually liable for the judgment obtained against Harper Sales Company, Inc., in this case. See Ex parte AmSouth Bank of Alabama, 669 So.2d 154, 156-58 (Ala.1995).