Rolfe C. Harper III petitions this Court for a writ of mandamus ordering the trial court (1) to vacate and set aside its amended order dated May 24, 2005, granting the motion to transfer the case to the Jefferson Circuit Court filed by Brown, Stagner, Richardson, Inc. ("BSR"), and (2) to maintain venue as to this case in the Mobile Circuit Court.
 Facts
This dispute arises out of a separate action in the Jefferson Circuit Court styled Brown, Stagner, Richardson, Inc. v. HarperSales Co. (CV-96-6648).[1] The original dispute concerned a contract BSR entered into with Harper, who was acting on behalf of an entity referred to as Harper Sales Co., Inc. The Jefferson Circuit Court entered a judgment in the amount of $113,115.34 against "Harper Sales Co., Inc." in the original action.
During the course of postjudgment collection efforts, BSR learned no such entity as "Harper Sales Co., Inc.," existed. BSR then filed a motion pursuant to Rule 60(b), Ala. R. Civ. P., to add Harper, in his individual capacity, as a defendant in the Jefferson County action. A summary judgment was ultimately entered in favor of BSR and against Harper, individually, in that action. This Court reversed that judgment on the basis that it was improper to amend the complaint to add Harper, individually, as a defendant more than eight months after a final judgment was entered in the case. Harper v. Brown, Stagner, Richardson,Inc., 845 So.2d 777 (Ala. 2002).
On February 9, 2001, before BSR sought to amend its complaint in the Jefferson County action to add Harper, in his individual capacity, as a defendant, Harper filed an action in the Mobile Circuit Court seeking a declaration of his rights relating to the judgment that had been entered in the Jefferson County action. In April 2001, BSR filed a Rule 12(b)(6), Ala. R. *Page 1047 
Civ. P., motion to dismiss in the Mobile Circuit Court, arguing that there was no justiciable controversy and that Harper lacked standing to bring the declaratory-judgment action. The trial court granted the motion; this Court reversed the judgment and remanded the case to the Mobile Circuit Court. Harper v. Brown,Stagner, Richardson, Inc., 873 So.2d 220 (Ala. 2003).
On January 4, 2005, BSR filed in the Mobile Circuit Court what it styled as a "renewed" motion to dismiss or for a change of venue from the Mobile Circuit Court to the Jefferson Circuit Court. On January 5, 2005, the Mobile Circuit Court "granted the motion." On April 19, 2005, BSR's counsel sent a letter and a proposed amended order requesting that the court amend its January 5, 2005, order to state whether it was in fact dismissing the case or transferring it to the Jefferson Circuit Court. On May 18, 2005, Harper's counsel filed a motion to stay the physical transfer of the case file to Jefferson County pending the entry of an amended order either dismissing the case or transferring it. On May 24, 2005, the court entered an order clearly transferring the case to the Jefferson Circuit Court. Harper filed this petition for a writ of mandamus on May 25, 2005, requesting that this Court order the Mobile Circuit Court to vacate its amended order transferring the case to the Jefferson Circuit Court and to maintain venue in this case in the Mobile Circuit Court, where, Harper argues, venue is proper.
 Standard of Review
This Court has recognized that "[a] petition for the writ of mandamus is the appropriate means by which to challenge a trial court's order regarding a change of venue." Ex parte Children'sHosp. of Alabama, 931 So.2d 1, 5 (Ala. 2005); see also Ex parteSawyer, 892 So.2d 898, 901 (Ala. 2004). The writ of mandamus is an extraordinary remedy; it will not issue "unless the petitioner shows `"`(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"'" Ex parte Children's Hosp., 931 So.2d at 5-6 (quotingEx parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala. 2000), quoting in turn Ex parte Gates, 675 So.2d 371, 374 (Ala. 1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala. 1999).
 Analysis
The threshold issue to be decided is whether Harper's mandamus petition is timely. "A motion for reconsideration of an interlocutory order does not toll the period for filing a petition for a writ of mandamus." Ex parte Children's Hosp.,931 So.2d at 6; and Ex parte Troutman Sanders, LLP,866 So.2d 547 (Ala. 2003). Rule 21(a), Ala. R.App. P., provides that "[t]he presumptively reasonable time for filing a [mandamus] petition seeking review of an order of a trial court . . . shall be the same as the time for taking an appeal." Furthermore, "[i]f a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time." Rule 21(a)(3), Ala. R.App. P.
Harper has included in his petition for the writ of mandamus a statement of good cause for this Court to consider his petition. Harper stated that he was confused as to the scope of the trial court's January 5, 2005, order purporting to deny the motion to dismiss and to grant the motion for the change of venue, and he stated the reasons for his confusion. A review of the record reveals that the trial *Page 1048 
court did not expressly grant the motion for a change of venue and deny the motion to dismiss the case until May 24, 2005. Harper petitioned for the writ of mandamus one day after the issuance of the May 24, 2005, order. In addition, this Court does not see how the filing of the instant petition for the writ of mandamus, filed within 42 days of the May 24, 2005, order, but not within 42 days of the January 5, 2005, order, had any negative "`impact on the timely administration of justice in the trial court'" in this case. Ex parte Children's Hosp.,
931 So.2d at (quoting Committee Comments to Amendments to Rule 21(a) and 21(e)(4)[, Ala. R.App. P.,] Effective September 1, 2000); andEx parte Pelham Tank Lines, 898 So.2d 733, 737 (Ala. 2004). We therefore conclude that Harper's mandamus petition is timely.
The second issue this Court must decide is whether the circumstances of this case merit the issuance of a writ of mandamus.
 "[I]n order for [an appellate court] to issue a writ of mandamus, there must be credible allegations, ironclad in nature, showing that the trial court is bound by law to do what the petitioner . . . requests. Furthermore, a transfer of venue is not authorized except for improper venue. The burden of proving improper venue is on the party raising the issue, and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial court."
Ex parte State Bd. for Registration of Architects,574 So.2d 53, 54 (Ala.Civ.App. 1990) (citations omitted).
Harper asserts that BSR waived its right to challenge venue in the Mobile Circuit Court when it did not raise that issue in its initial Rule 12(b)(6) motion filed in April 2001.
 "`Rule 12(b) . . . requires that a claim of "improper venue" be made in the responsive pleading or in a motion filed before the responsive pleading. . . . If a party fails to raise a Rule 12(b)(3) objection in the first responsive pleading or in a motion filed before that first responsive pleading, the objection is waived.'"
Ex parte AAMCO Transmissions, Inc., 897 So.2d 285, 288 (Ala. 2004) (quoting Ex parte Till, 595 So.2d 871, 872 (Ala. 1992)). This Court finds that BSR waived its right to object to improper venue when it failed to raise this issue in its motion to dismiss filed in April 2001.
We note that BSR's January 4, 2005, motion to dismiss or for a change of venue included as an alternative ground for a change of venue the doctrine of forum non conveniens. A defendant may move the court for a change of venue based on the doctrine offorum non conveniens even when this ground is not raised in the initial pleading. See § 6-3-21.1, Ala. Code 1975.[2]
However, the trial court did not address this ground for transferring the action in its order; therefore, it is not before this Court for review. We grant the petition and order the Mobile Circuit Court to vacate its order transferring *Page 1049 
Harper's declaratory-judgment action to the Jefferson Circuit Court.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, STUART, SMITH, and PARKER, JJ., concur.
[1] Since the 1998 judgment in that case, numerous appeals have been filed on behalf of Harper Sales and Rolfe Harper, in his individual capacity. See Harper Sales Co. v. Brown, Stagner,Richardson, Inc., 742 So.2d 190 (Ala.Civ.App. 1999); Harper v.Brown, Stagner, Richardson, Inc., 845 So.2d 777 (Ala. 2002); andHarper v. Brown, Stagner, Richardson, Inc., 873 So.2d 220 (Ala. 2003).
[2] Section 6-3-21.1(b), Ala. Code 1975, provides:
 "The right of a party to move for a change or transfer of venue pursuant to this statute is cumulative and in addition to the rights of a party to move for a change or transfer of venue pursuant to Section 6-3-20, Section 6-3-21 or Alabama Rules of Civil Procedure."
This Court notes that the doctrine of forum non conveniens, as codified at § 6-3-21.1, Ala. Code 1975, does not include the timeliness requirement of Rule 82(d), Ala. R. Civ. P., relating to improper venue.