[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 487 
Faith Properties, LLC ("Faith"), Marjan Vakili, and her husband, Kevin Vakili, appeal from a summary judgment in favor of First Commercial Bank ("the Bank") in the Bank's action against them to set aside as fraudulent certain conveyances of real estate from the Vakilis to Faith. We vacate the judgment and dismiss the appeal.
 I. Factual Background
The facts essential to the resolution of this case are undisputed. On October 19, 2005, the Bank filed a complaint (case no. CV-05-2125) against Kevin Vakili alleging breach of agreements personally guaranteeing payment of loans the Bank made to corporations Vakili owned. On November 29, 2005, the Vakilis sold their principal residence located at "The Ledges" in Huntsville.
On December 16, 2005, the Bank filed a "motion for temporary restraining order, preliminary injunction, and permanent injunction, and to seize sales proceeds of defendant, Kevin Vakili" ("the seizure motion"). In this motion, the Bank averred that proceeds from the sale of the Huntsville residence were to have been used to pay the loans, and it sought an order requiring Kevin Vakili "to tender one-half of the proceeds realized from the sale of the property . . . to the Circuit Court of Madison County, . . . so that the same [could] be held pending a hearing on [the] motion and the ultimate resolution of the complaint." That same day, the trial court entered a "temporary restraining order and order for writ of seizure," stating, in part:
 "[The Bank] has made application in compliance with Rule 64(b) of the Alabama Rules of Civil Procedure[1] for an Order prohibiting the Defendant, Kevin Vakili, from transferring or otherwise disposing of those proceeds he received from the sale of property he owned in Huntsville, Alabama, and for the seizure of said funds and the placement of the funds with the Circuit Court of Madison County. The court has examined the affidavit and exhibits attached thereto and finds that reasonable grounds exist *Page 488 
to authorize issuance of this order. Accordingly,
 "IT IS ORDERED, ADJUDGED AND DECREED THAT the Defendant, Kevin Vakili, is hereby ordered to immediately cease transferring, spending, using or encumbering any of the proceeds he received from the sale of that property he owned [in] Huntsville, Alabama, which sale occurred on or about November 29, 2005. Said Defendant's failure to comply with this order shall result in his being held in contempt of this order.
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT the Motion for Preliminary Injunction shall be heard on THURSDAY, DECEMBER 22, 2005, AT 4:30 P.M. . . .
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT upon approval by the clerk of this court of the [Bank's] bond in the amount of $10,000.00, that the Defendant, Kevin Vakili, shall immediately pay into the registry of the Circuit Court of Madison County, Alabama, those sums that he received from the sale of the real property located at The Ledges in Huntsville, Alabama, which sale occurred on or about November 29, 2005. Said proceeds shall include one-half of the net proceeds received from said sale, which half is attributed to the one-half ownership interest that [he] had in said property. Defendant Kevin Vakili shall also provide proof to the court of the amount that he received from the sale of the property, including a copy of the closing statement or settlement statement received from the sale of said property.
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT should the Defendant fail to pay said sums into court within five (5) days of the date hereof, that the Sheriff or other duly constituted officer shall seize said funds and hold the same subject to further orders of this court.
 "TAKE NOTICE THAT THE DEFENDANT IS ENTITLED AS A MATTER OF RIGHT TO A PREJUDGMENT HEARING ON THE ISSUE OF DISSOLUTION OF THE WRIT OF SEIZURE IF A WRITTEN REQUEST FOR HEARING IS SERVED UPON COUNSEL FOR [THE BANK] WITHIN FIVE (5) DAYS FROM THE DATE OF SEIZURE OF THE PROPERTY BY THE SHERIFF OR OTHER DULY CONSTITUTED OFFICER.
 "SHOULD DEFENDANT DESIRE SUCH PRE-JUDGMENT HEARING, HE SHOULD FILE THE ORIGINAL OF HIS WRITTEN REQUEST FOR SETTING THE HEARING WITH THE CLERK OF THIS COURT AND A COPY OF SAID REQUEST SHOULD BE SERVED ON SAID COUNSEL FOR [THE BANK]. IF, AFTER TIMELY AND PROPER REQUEST, NO HEARING HAS BEEN HELD, THE WRIT OF SEIZURE AUTHORIZED HEREIN SHALL EXPIRE ON THE FIFTEENTH (15th) DAY AFTER THE SEIZURE OF THE PROPERTY BY THE SHERIFF OR OTHER DULY CONSTITUTED OFFICER. IF NO REQUEST FOR HEARING IS MADE, THE WRIT SHALL REMAIN IN EFFECT PENDING ORDERS OF THE COURT. HOWEVER, THE COURT, IN ITS DISCRETION, MAY HEAR A REQUEST FOR DISSOLUTION OF THE WRIT, ALTHOUGH SAID REQUEST IS SERVED MORE THAN FIVE (5) DAYS FROM THE DATE OF SEIZURE.
 "IT IS FURTHER ORDERED THAT a copy of this order be served *Page 489 
upon the defendant with the aforementioned writ of seizure."
(Capitalization in original.) The order roughly tracks the language of Rule 64, Ala. R. Civ. P.
On December 23, 2005, following a hearing at which Kevin Vakili did not appear, the court entered an "order for preliminary injunction," requiring Vakili to immediately "pay to the Clerk of the Court one half of the net proceeds received from [the sale of the Vakilis' residence], which half is attributed to the one-half ownership interest that Defendant Kevin Vakili had in the property" (the December 16 order and the December 23 order are hereinafter collectively referred to as "the attachment order").
Meanwhile, on December 19, 2005, a default judgment was entered against Kevin Vakili, and reflected in the State Judicial Information System, assessing damages in the amount of $705,710.01. On January 13, 2006, Vakili moved for relief from the default judgment, asserting as a ground the absence of effective service of process. On March 3, 2006, the trial court denied Vakili's motion.
On July 31, 2006, the Bank filed a "Motion for Leave to Amend Complaint and Add Third-party Defendants." The amended complaint purported to add Faith. and Marjan Vakili as defendants. The Bank averred that three parcels of real estate — two of which were owned by Kevin and one of which was owned by Kevin and Marjan jointly — were transferred on December 16, 2005, to Faith for no consideration, and that Faith was owned by Marjan and the Vakilis' son. The complaint asserted claims under the Alabama Fraudulent Transfer Act, Ala. Code 1975, §§ 8-9A-4 and -5. It sought a judgment setting aside the transfers as void and declaring "that the properties [were] owned by the prior owners, Kevin Vakili and Marjan Vakili, as if no such subsequent transfer occurred." It further sought a judgment against Kevin Vakili declaring that the default judgment attached as a lien on the properties in favor of the Bank as of the date of the judgment.
On February 5, 2007, the Bank moved for a summary judgment on the claims in the amended complaint. Faith and the Vakilis filed a response in opposition to the motion for a summary judgment. Concurrently, they moved to dismiss the amended complaint for lack of jurisdiction, contending that case no. CV-05-2125 had become final and conclusive between the parties more than 30 days before the Bank attempted to amend the complaint.
On March 28, 2007, the trial court entered a summary judgment for the Bank. The judgment stated, in pertinent part:
 "IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the transfers of the three (3) tracts of properties from Kevin Vakili and Marjan Vakili to [Faith] . . . constitute fraudulent conveyances pursuant to Alabama law and therefore are null and void and due to be set aside as if the transfers never occurred. Accordingly, title to the properties shall vest in the prior owners of said properties as if the transfers had never occurred.
 "IT IS FURTHER ORDERED, ADJUDGED, and DECREED that upon the setting aside of said transfers, that [the Bank's] judgment recorded on December 20, 2005, shall attach as a lien to said three (3) properties as of the date of recordation pursuant to applicable law."
On April 26, 2007, the trial court entered an amended judgment denying the motion of Faith and the Vakilis to dismiss the amended complaint. From that judgment Faith and the Vakilis appealed, contending, *Page 490 
among other things, that the trial court "lost jurisdiction to entertain [the Bank's] July 31, 2006, Motion for Leave to Amend Complaint when it entered its March 3, 2006, denial of Vakili's post-judgment motion." Appellants' brief, at 26. We are thus presented with a threshold question regarding our subject-matter jurisdiction, the resolution of which turns on the degree of finality to be afforded the March 3, 2006, order denying Kevin Vakili's motion to set aside the default judgment.
 II. Discussion
A judgment entered by a trial court without subject-matter jurisdiction is void. Ex parte Norfolk Southern Ry.,816 So.2d 469, 472 (Ala. 2001). Thus, unless the trial court had subject-matter jurisdiction when it entered the summary judgment, that judgment was a nullity and must be set aside.Pinkerton Sec. Investigation Servs., Inc. v.Chamblee, 961 So.2d 97 (Ala. 2006).
In that connection, it is well settled that "a judgment isnot subject to revision after all the claims of all partieshave been adjudicated, absent a timely motion filed pursuant to Rules 55, 59, or 60, Ala. R. Civ. P." PrattCapital, Inc. v. Boyett, 840 So.2d 138, 143 (Ala. 2002) (emphasis added). See also Harper v. Brown, Stagner,Richardson, Inc., 845 So.2d 777, 779 (Ala. 2002) (Rule 60, Ala. R. Civ. P., is not a vehicle by which to amend a complaint following a final judgment to "add new claims against a new defendant"). Otherwise stated, a trial court has no jurisdiction to entertain a motion to amend a complaint to add new claims or new parties after a final judgment has been entered, unless that "judgment is first set aside or vacated" pursuant to the state's rules of civil procedure. Greene v.Eighth Judicial Dist. Court of Nevada, 115 Nev. 391, 393,990 P.2d 184, 185 (1999); see also Paganis v.Blonstein, 3 F.3d 1067 (7th Cir. 1993); DiPaolo v.Rollins Leasing Corp., 700 So.2d 31
(Fla.Dist.Ct.App. 1997); 6 Charles Alan Wright et al.,Federal Practice and Procedure § 1489 (2d ed. 1990).
The default judgment in this case has not been set aside. Indeed, the trial court declined Vakili's invitation to set it aside, and the Bank has never challenged the judgment. On the contrary, the Bank argues that, because Vakili did not appeal from the denial of his motion to set aside the judgment, the judgment is now final and unreviewable.
The Bank's brief, at 10, 19 n. 8.
The Bank, however, contends that "the court had jurisdiction over the case notwithstanding the entry of the defaultjudgment against Vakili." The Bank's brief, at 26 (emphasis added). This is so, because, it argues, "the court only entered a Temporary Restraining Order and Preliminary Injunction, reserving the right of the court to also enter a Permanent Injunction at a later date." Id. Thus, according to the Bank, through the seizure motion and the trial court's action on that motion, the court retained jurisdiction to consider an amended pleading at a later date, specifically, on July 31, 2006. We disagree.
"`A judgment that conclusively determines all of the issues before the court and ascertains and declares the rights of the parties involved is a final judgment.'" Boyett,840 So.2d at 144 (quoting Nichols v. Ingram Plumbing,710 So.2d 454, 455 (Ala.Civ.App. 1998)). "A judgment that declares the rights of the parties and settles the equities is final even though the trial court envisions further proceedings to effectuate the judgment." Wyers v. Keenon,762 So.2d 353, 355 (Ala. 1999). Otherwise stated, a judgment that is "definitive of the cause in the *Page 491 
court below, leaving nothing further to be done, save [its enforcement]," is a final judgment. Ex parte Gilmer,64 Ala. 234, 235 (1879).
"Claims adjudicated in a previous non-final order become final . . . at the time the last party or claim is disposed of."Oliver v. Toumsend, 534 So.2d 1038, 1046 (Ala. 1988). A trial "`court cannot, by its subsequent action, divest a [judgment] of its character of finality. A final [judgment] is not rendered interlocutory by the retention of the case on the docket, nor by the subsequent rendition of another [judgment] therein.'" Boyett, 840 So.2d at 144-45 (quotingNichols, 710 So.2d at 456, quoting in turnMingledorff v. Falkville Downtown Redev. Auth.,641 So.2d 830, 832 (Ala.Civ.App. 1994)). Neither can a final judgment "be made nonfinal by the trial court's callingit nonfinal." Smith v. Fruehauf Corp.,580 So.2d 570, 572 (Ala. 1991) (emphasis added).
After the denial of a postjudgment motion directed at a final judgment, "the trial court loses jurisdiction over the action."Chamblee, 961 So.2d at 102. The application of these principles compels the conclusion that, when the trial court denied Vakili's postjudgment motion on March 3, 2006, it lost jurisdiction to entertain an amendment to the complaint.
It is clear that the relief sought by the seizure motion and granted by the attachment order was essentially that of a "pre-judgment seizure or attachment." Rule 64(b)(2)(C). "[A]ttachment is a legal process which seizes and holds the property of the defendant until the rights of the partiesare determined in the principal suit." Old Kent Bank v.Stoller, 254 Ill.App.3d 1085, 1092, 627 N.E.2d 265, 269, 194 Ill.Dec. 149, 153 (1993) (emphasis added). "The levy of an attachment . . . creates a lien in favor of the plaintiff." Ala. Code 1975, § 6-6-76. However, the lien is "inchoate and imperfect, until [the] judgment is rendered, for it is that alone which determines the claim on which the attachment rests to be just." Hale v. Cummings, 3 Ala. 398, 400 (1842). "If [the plaintiff] fails to establish his claim, the inchoate lien is entirely gone. . . ." Id. A "finaljudgment marks the completion of the attachment and the underlying suit." Enterprise Bank v. Magna Bank ofMissouri, 894 F.Supp. 1337, 1343 (E.D.Mo. 1995),aff'd, 92 F.3d 743 (8th Cir. 1996) (emphasis added). Thus, after a judgment for the plaintiff, the disposition of the lien perfected by the judgment devolves into a matter of enforcement of the judgment, which, as we have already noted, does not disturb the finality of the judgment. SeeWyers, 762 So.2d at 355.
In entering the default judgment and the attendant attachment order, the trial court granted all the relief the Bank hadrequested.[2] Despite the use in the attachment order of the term "preliminary injunction,"[3] no further action in the case was contemplated as of March 3, 2006, other than enforcement of the judgment, as no claim remained outstanding. Attachment of the proceeds of the sale of the Vakilis' residence at The Ledges was *Page 492 
sought merely as an aid in enforcing the judgment; it was not a vehicle to extend indefinitely the life of the lawsuit. Thus, it could not serve as a conduit to connect the undisputedly final default judgment, which became unappealable 43 days after March 3, 2006, with the motion to amend the complaint filed on July 31, 2006.
 III. Conclusion
For these reasons, the summary judgment was void, and it is hereby vacated. Moreover, a void judgment will not support an appeal. Gulf Beach Hotel, Inc. v. State ex rel.Whetstone, 935 So.2d 1177, 1183 (Ala. 2006). Therefore, the appeal is dismissed.
JUDGMENT VACATED; APPEAL DISMISSED.
COBB, C.J., and SEE, SMITH, and PARKER, JJ., concur.
[1] Rule 64 deals with "pre-judgment seizure or attachment."
[2] As noted above, Kevin Vakili did not appear at the December 22, 2005, hearing on the seizure motion. Pursuant to Rule 64(b)(2)(C), nonattendance constitutes a "waiver of any objections to the pre-judgment seizure or attachment." This appeal involves no issue regarding the propriety of the default judgment or the attachment order.
[3] "This Court [looks] at the substance of a motion . . . to determine how that motion is to be construed under the Alabama Rules of Civil Procedure." Pontius v. State Farm Mut. Auto.Ins. Co., 915 So.2d 557, 562-63 (Ala. 2005).