31 So.3d 661 (2009)
Ex parte PROGRESSIVE SPECIALTY INSURANCE COMPANY.
(In re Marvin Leatherwood v. Blakeney Company, LLC, et al.).
Ex parte Pritchett-Moore, Inc., and Andrew Hudson. (In re Marvin Leatherwood v. Blakeney Company, LLC, et al.).
1080366 and 1080393.
Supreme Court of Alabama.
August 21, 2009.
J. Mark Hart and Sandra Payne Hagood of Haskell Slaughter Young & Rediker, LLC, Birmingham, for petitioner Progressive Specialty Insurance Company.
Peter M. Wolter of Gaines, Wolter & Kinney, P.C., Birmingham, for petitioners Pritchett-Moore, Inc., and Andrew Hudson.
Robert F. Prince of Prince Glover Law, Tuscaloosa; and Jeremiah M. Hodges of Cole & Hodges, P.C., Huntsville, for respondents.
*662 SHAW, Justice.
Progressive Specialty Insurance Company ("Progressive") (case no. 1080366) and Pritchett-Moore, Inc., and Andrew Hudson (hereinafter referred to collectively as "Pritchett-Moore") (case no. 1080393) petition for writs of mandamus directing the trial court to strike a cross-claim filed against Progressive and third-party claims filed against Pritchett-Moore by the respondents, Blakeney Company, LLC; William Livingston, Jr.; and William Blakeney. We grant the petitions and issue the writs.
On December 1, 2006, while driving in Northport, Marvin Leatherwood was involved in a motor-vehicle collision with a dump truck owned by Blakeney Company, LLC, and driven by Livingston. Blakeney Company, LLC, was insured by a commercial insurance policy issued by Progressive. William Blakeneya principal of Blakeney Company, LLChad purchased the policy from Hudson, whom the complaint alleges was an agent of Pritchett-Moore, Inc.
On December 18, 2006, Leatherwood filed an action in the Hale Circuit Court seeking damages for injuries he sustained in the collision.[1] The complaint was amended and ultimately sought damages from Blakeney Company, LLC, and Livingston based on theories of negligence and wantonness. Additionally, Leatherwood sought damages against Blakeney Company, LLC, for the alleged negligent or wanton entrustment of the dump truck to Livingston and the alleged negligent hiring, training, supervision, and retention of Livingston (hereinafter Blakeney Company, LLC, and Livingston are referred to collectively as "Blakeney LLC").
Progressive provided defense counsel for Blakeney LLC pursuant to the commercial insurance policy. Additionally, Blakeney LLC separately retained private counsel. In March 2008, Progressive was allowed to intervene in the case for the limited purpose of requesting a special verdict form that separately listed compensatory damages and punitive damages. Progressive requested this special verdict form because, it argued, the commercial insurance policy covering Blakeney LLC excluded coverage for punitive damages.
The case was tried before a jury in June 2008. The jury found in favor of Leatherwood and awarded him $200,000 in compensatory damages and $225,000 in punitive damages; the trial court entered a judgment on the jury verdict. Progressive tendered payment to Leatherwood for the compensatory-damages portion of the judgment. In a postjudgment motion, counsel provided by Progressive to Blakeney LLC challenged the punitive-damages award.
A hearing on the postjudgment motion was scheduled for September 16, 2008. On that day, the case-action summary and the materials before this Court reveal that at 9:20 a.m., attorneys who were representing Leatherwood filed on behalf of Blakeney LLC and William Blakeney a motion requesting leave to "amend the pleadings" to allow Blakeney LLC to add a cross-claim against Progressive and to allow Blakeney Company, LLC, and William Blakeney to file third-party claims against Pritchett-Moore. Additionally, Blakeney LLC's privately hired counsel filed a motion to dismiss "all pending motions"; the filing of this motion and an order granting it, which effectively withdrew Blakeney LLC's postjudgment motion challenging *663 the punitive-damages award, were noted in the case-action summary at 9:37 a.m.
At 9:47 a.m., Blakeney LLC filed the cross-claim against Progressive, which sought damages for alleged breach of contract and bad faith. Specifically, Blakeney LLC alleged that although the Progressive commercial insurance policy provided $1,000,000 in coverage, Progressive failed to settle Leatherwood's action, thus leaving Blakeney LLC exposed to a punitive-damages award. Further, Blakeney Company, LLC, filed third-party claims against Pritchett-Moore, which sought damages for negligent failure to procure insurance. Additionally, William Blakeney, who had not been a party in the action, sought to join as a plaintiff in the third-party claims against Pritchett-Moore.
Progressive and Pritchett-Moore filed motions to dismiss the cross-claim and the third-party claims, and the trial court denied these motions. Both Progressive and Pritchett-Moore have filed petitions in this Court challenging the trial court's jurisdiction and seeking mandamus relief; those petitions have been consolidated for the purpose of issuing one opinion.
Standard of Review
"`Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805 (Ala.2000)."
Ex parte Liberty Nat'l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003).

Discussion
Progressive and Pritchett-Moore contend that, because a final judgment had been entered on Leatherwood's claims, the trial court lacked jurisdiction to accept an amendment to the pleadings adding new claims and a new party. We agree.[2]
Generally, this Court has refused to allow amendments to pleadings to add additional parties and claims after the cause has been finally adjudicated. Harper v. Brown, Stagner, Richardson, Inc., 845 So.2d 777 (Ala.2002) (holding that a trial court could not, after the entry of a final judgment, allow a party to add a new party and a new claim by means of a motion under Rule 60, Ala. R. Civ. P., which sought to amend the complaint without seeking relief from the judgment); Pratt Capital, Inc. v. Boyett, 840 So.2d 138, 145 (Ala.2002) ("the trial court erred in allowing the plaintiffs to amend the original complaint to add additional defendants after a final judgment had been entered in the case"); and Ex parte Insurance Co. of North America, 523 So.2d 1064 (Ala.1988) (holding that Rule 15, Ala. R. Civ. P., which allows amendments to pleadings, did not allow a complaint to be amended on remand when the appellate mandate, which did not permit such an amendment, amounted to a final adjudication of the case). In Faith Properties, LLC v. First Commercial Bank, 988 So.2d 485, 490 (Ala.2008), First Commercial Bank ("the Bank") filed an action against *664 Kevin Vakili alleging that Vakili had breached an agreement to guarantee payments of loans the Bank had made to corporations owned by Vakili. A default judgment was entered in the Bank's favor; Vakili filed a postjudgment motion seeking relief from the default judgment, but the trial court denied the motion. 988 So.2d at 487-89.
Later, the Bank filed a motion in the trial court requesting leave to amend its complaint and to add as third-party defendants Faith Properties, LLC ("Faith"), and Vakili's wife, Marjan Vakili. Specifically, the Bank alleged claims under the Alabama Fraudulent Transfer Act, Ala. Code 1975, §§ 8-9A-4 and -5, and asserted that three parcels of real estatetwo of which had been owned by Vakili and one of which had been owned jointly by Vakili and Marjanhad been transferred to Faith for no consideration and that Faith was actually owned by Marjan and Vakili's son. The Bank thus sought a judgment setting aside the transfers of the parcels to Faith as void and a judgment against Vakili declaring that the default judgment attached as a lien on the properties. The Bank was allowed to amend its pleadings, and a summary judgment was later entered on its amended claims. 988 So.2d at 489.
On appeal, this Court noted that the default judgment in favor of the Bank granted all the relief the Bank had requested and was thus a final judgment, stating:
"`"A judgment that conclusively determines all of the issues before the court and ascertains and declares the rights of the parties involved is a final judgment."' [Pratt Capital, Inc. v.] Boyett, 840 So.2d [138,] 144 [(Ala.2002)] (quoting Nichols v. Ingram Plumbing, 710 So.2d 454, 455 (Ala.Civ.App.1998)). `A judgment that declares the rights of the parties and settles the equities is final even though the trial court envisions further proceedings to effectuate the judgment.' Wyers v. Keenon, 762 So.2d 353, 355 (Ala.1999). Otherwise stated, a judgment that is `definitive of the cause in the court below, leaving nothing further to be done, save [its enforcement],' is a final judgment. Ex parte Gilmer, 64 Ala. 234, 235 (1879)."
988 So.2d at 490-91. The Court further noted that a judgment is not subject to revision absent an appropriate postjudgment motion: "In that connection, it is well settled that `a judgment is not subject to revision after all the claims of all parties have been adjudicated, absent a timely motion filed pursuant to Rules 55, 59, or 60, Ala. R. Civ. P.'" 988 So.2d at 490 (quoting Boyett, 840 So.2d at 143 (emphasis omitted)). We thus concluded: "Otherwise stated, a trial court has no jurisdiction to entertain a motion to amend a complaint to add new claims or new parties after a final judgment has been entered, unless that `judgment is first set aside or vacated' pursuant to the state's rules of civil procedure." 988 So.2d at 490 (emphasis added).
Because the default judgment against Vakili was a final judgment that had not been set aside or vacated in response to Vakili's postjudgment motion, this Court held that the trial court lacked jurisdiction to entertain an amendment to the complaint adding further claims and parties: "[W]hen the trial court denied Vakili's postjudgment motion ... it lost jurisdiction to entertain an amendment to the complaint." 988 So.2d at 491. See also Nichols v. Ingram, 710 So.2d 454, 455-56 (Ala.Civ.App.1998) (holding that the trial court's judgment completely adjudicated all matters in controversy between the litigants and was a final judgment; thus, the trial court had no jurisdiction to subsequently grant a motion to dismiss, certify a judgment as final, or enter a summary judgment).
*665 In the instant case, the trial court's entry of a judgment on the jury verdict was a final judgment that completely adjudicated the claims of the plaintiff, Leatherwood. Although the trial court may have retained jurisdiction to alter its judgment by an appropriate postjudgment motion, no such motion was granted by the trial court in this case. Thus, the trial court lacked jurisdiction to accept Blakeney LLC's amendment purporting to add new claims and a new party. Faith Properties, supra, and Nichols, supra.

Conclusion
The trial court did not have jurisdiction to accept Blakeney LLC's amended pleadings adding a cross-claim, a third-party claim, and a party. Therefore, those pleadings are due to be stricken and the claims dismissed.
1080366PETITION GRANTED; WRIT ISSUED.
1080393PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
NOTES
[1] Although Leatherwood was a resident of Tuscaloosa County, where the accident occurred, Livingston was a resident of Hale County and Blakeney Company, LLC, purportedly conducted business there.
[2] Although Progressive does not raise in its petition the precise jurisdictional issue we address, the "`[l]ack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.'" Ex parte Berry, 999 So.2d 883, 888 (Ala.2008) (quoting Ex parte Smith, 438 So.2d 766, 768 (Ala. 1983)).