WOODALL, Justice.
 

 Roy Price and Price Ceiling, Inc. (hereinafter referred to collectively as “Price”), petition this Court for a writ of mandamus directing the Montgomery Circuit Court to transfer the civil action H.L. Bean filed against Price and others to Chilton County. We deny the petition.
 

 Bean was employed by Price in the construction industry from 1975 until October 2008, when Price terminated Bean’s employment. In his complaint, Bean alleges that, as part of his employment, Price “guaranteed [him] a sum certain of yearly compensation.” According to Bean, if he “did not reach this sum certain based on his hourly wage earnings, Price ... would make up the difference at year’s end.” In his complaint, Bean included a claim against Price asserting breach of his employment contract and seeking to recover lost wages for Price’s alleged “fail[ure] to compensate [him] for the work he had performed.”
 

 Price filed a motion to transfer the case to Chilton County. Price argued that venue was improper in Montgomery County and that, therefore, the trial court had to transfer the case to Chilton County, an appropriate venue.
 
 See
 
 Rule 82(d)(1) and (3), Ala. R. Civ. P. Alternatively, Price argued that, should the court find that venue was proper in Montgomery County, it should nevertheless transfer the ease to Chilton County under the doctrine of
 
 forum non conveniens. See
 
 § 6-3-21.1(a), Ala.Code 1975.
 

 Bean opposed the motion to transfer. He argued that venue in Montgomery County was proper under § 6-3-3, Ala. Code 1975, which states, in pertinent part: “In all actions for work and labor done or breaches of contracts ..., the action may be commenced in the county in which the work was done.... ” Aso, Bean denied that a transfer was required by the doctrine of
 
 forum non conveniens.
 
 In support of his arguments, Bean attached his own affidavit, stating that, during his employment by Price, he had “performed work and labor in various locations within the state of Aabama, a substantial amount of which was performed in Montgomery County.”
 

 The trial court, by written order, denied Price’s motion to transfer. It found venue proper in Montgomery County under “the plain language of’ § 6-3-3. Further, the trial court found that the transfer of the case to Chilton County would not be “in the interest of justice,” as that phrase in § 6-3-21.1(a) has been construed. Price timely petitioned this Court for mandamus relief.
 

 First, we must decide whether venue is appropriate in Montgomery County. “‘The burden of proving improper venue is on the party raising the issue, and on review of an order ... refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial court.’ ”
 
 Ex parte Harper,
 
 934 So.2d 1045, 1048 (Ala.2006) (quoting
 
 Ex parte State Bd. for Registration of Architects,
 
 574 So.2d 53, 54 (Ala.Civ.App.1990) (citations omitted)). “The burden of proof on factual issues in a venue dispute is upon the party or parties challenging venue in the forum.”
 
 Ex parte Wiginton,
 
 743 So.2d 1071, 1074 (Ala.1999).
 

 All “[a]ctions for work and labor may properly be commenced in the county
 
 *1224
 
 where the work was done.”
 
 Rush v. Thomas Duckett Constr. Co.,
 
 380 So.2d 762, 764 (Ala.1980) (citing § 6-3-3, Ala. Code 1975). Consequently, “[p]roper venue in an action for work and labor will ... depend on a determination of where that work was done. The burden of proving improper venue is upon the party making such a claim.”
 
 Ex parte Adamson,
 
 408 So.2d 151, 153 (Ala.Civ.App.1981).
 

 Price argues that venue in Montgomery County is not proper under § 6-3-3, because, according to Price, Bean’s complaint
 
 “does not state a claim for work and labor done.”
 
 Petition, at 11 (emphasis in original). In other words, according to Price, “[t]here is no allegation in [Bean’s] complaint that he has not been paid for work already performed.” Petition, at 11. However, Price mischaracterizes the nature of the complaint, because, as Bean argues, the “complaint clearly and specifically claims that [Price] breached the [employment] contract by failing to pay Mr. Bean for work and labor done by him.” Bean’s brief, at 7. Indeed, the complaint specifically alleges that, although Bean “performed his duties and responsibilities under the contract,” Price “breached this contract by ... failing to compensate [Bean] for the work he
 
 had
 
 performed.” (Emphasis added.) For this alleged breach, the complaint claims “lost wages.”
 

 Because the complaint contains a claim based on work and labor already performed, the burden was on Price, the party claiming that venue is improper in Montgomery County, to show that no “substantial” amount of the work was done in Montgomery County.
 
 Ex parte Adamson,
 
 408 So.2d at 153. However, Price offered no evidence indicating that Bean, Price’s employee, had not performed a substantial amount of his work in Montgomery County. In its reply brief, Price faults Bean for offering “insufficient” evidence indicating that a “ ‘substantial amount’ of the work he performed” was done in Montgomery County. Reply brief, at 3. However, as previously stated, the burden of proof on this factual issue was upon Price, the party challenging venue, not upon Bean.
 
 See Ex parte Wiginton,
 
 743 So.2d at 1074.
 

 Now, we must address whether the trial court exceeded its discretion by refusing to transfer the case to Chilton County pursuant to § 6-3-21.1(a), the
 
 forum non conveniens
 
 statute. “[T]his Court reviews mandamus petitions challenging a ruling on venue on the basis of
 
 forum non conveniens
 
 by asking whether the trial court exceeded its discretion.”
 
 Ex parte Kane,
 
 989 So.2d 509, 511 (Ala.2008).
 

 With respect to civil actions filed in a proper venue, the circuit court “shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action ... to any court of general jurisdiction in which the action might have been properly filed.” § 6-3-21.1(a). “‘A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties or witnesses or based on the interest of justice.’ ”
 
 Ex parte Kane,
 
 989 So.2d at 511 (quoting
 
 Ex parte National Sec. Ins. Co.,
 
 727 So.2d 788, 789 (Ala.1998)).
 

 In denying Price’s motion to transfer the case on the basis of the doctrine of
 
 forum non conveniens,
 
 the trial court addressed only the interest-of-justice prong of § 6-3-21.1(a). More specifically, the trial court found that a transfer to Chilton County was not required in the interest of justice, because “a substantial amount of
 
 *1225
 
 the work performed by [Bean] occurred in Montgomery County, [thereby giving] [t]he citizens of Montgomery County ... an interest in determining the rights and liabilities of the parties to the suit.” (Internal quotation marks and citation omitted.)
 

 Rule 21(a)(1)(D), Ala. R.App. P., requires that a petition for the writ of mandamus “shall contain ... a statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on.” A failure to cite authority supporting an argument “provides this Court with an ample basis for refusing to consider th[e] argument[ ], and [a] petition could properly be denied on that basis.”
 
 Ex parte Showers,
 
 812 So.2d 277, 281 (Ala.2001). All the cases cited by Price in support of its
 
 forum non conveniens
 
 argument deal with only the interest-of-justice prong of § 6-3-21.1(a); none deal with the convenience prong of the statute. Therefore, we will limit our analysis to the interest-of-justice prong under the facts of this case.
 

 “[I]n analyzing the interest-of-justice prong of § 6-8-21.1, this Court focuses on whether the ‘nexus’ or ‘connection’ between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.”
 
 Ex parte First Tennessee Bank Nat’l Ass’n,
 
 994 So.2d 906, 911 (Ala.2008). The trial court concluded “that a substantial amount of the work performed by [Bean] occurred in Montgomery County,” and, as already discussed, Price offered no evidence indicating that Bean had not performed substantial work in Montgomery County during the months immediately before his employment was terminated. Surely the residents of Montgomery County have, as the trial court recognized, an interest in seeing that persons are paid properly for work and labor performed in their county. Indeed, by providing in § 6-3-3 that “actions for work and labor done ... may be commenced in the county in which the work was done,” the legislature has recognized a strong enough connection between an action for work and labor done and the county in which the work was done to justify burdening the trial court in that county with the action.
 

 Price has not demonstrated that the trial court exceeded its discretion in denying its motion to transfer on
 
 forum non conve-niens
 
 grounds; therefore, Price’s petition for the writ of mandamus is denied.
 

 PETITION DENIED.
 

 COBB, C.J., and SMITH, PARKER, and SHAW, JJ., concur.