WOODALL, Justice
(dissenting).
A petition for a writ of prohibition or mandamus must comply with Rule 21, Ala. R.App. P. In my opinion, TCVA’s petition does not comply with Rule 21. Therefore, I respectfully dissent.
Rule 21(a)(1)(E) requires a party applying for a writ of prohibition or mandamus to attach to its petition “[e]opies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition.” (Emphasis added.) However, TCVA has not attached to its petition a copy of the only pleading it filed in the probate court, namely, its motion to vacate the order entered on May 19, 2011. Therefore, there is no way for this Court to know, as it must, what arguments were presented to the probate court. See Ex parte M & F Bank, 58 So.3d 111, 117 (Ala.2010).
TCVA concedes that “there are matters which a probate court can dispose of ex parte” but argues that the orders entered in this case “far exceed! ] any authority of the probate court to act ex parte.” Petition, at 9. However, TCVA cites no authority in support of this argument. Rule 21(a)(1)(D) requires a petition for a writ of prohibition or mandamus to include “[a] statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on.” (Emphasis added.) It is now well established that “[a] failure to cite authority supporting an argument ‘provides this Court with an ample basis for refusing to consider th[e] argument! ], and [a] petition could properly be denied on that basis.’ Ex parte Showers, 812 So.2d 277, 281 (Ala.2001).” Ex parte Price, 47 So.3d 1221, 1225 (Ala.2010). In my opinion, the Court should not overlook TCVA’s failure to adhere to what the Court has described as the “compelling” requirement of citation to authority in Rule 21. Ex parte Showers, 812 So.2d 277, 281 (Ala.2001).
MURDOCK and SHAW, JJ., concur.