MOORE, Judge.
H & M Industrial Services, Inc. (“H & M”), and ThyssenKrupp Steel USA, LLC (“ThyssenKrupp”), (hereinafter referred to collectively as “the petitioners”) petition this court for a writ of mandamus to the Washington Circuit Court (“the trial court”) directing it to grant their motion to dismiss or, in the alternative, to transfer the case to the Mobile Circuit Court on the basis of improper venue. We grant the petition and issue the writ.

Procedural History

On March 15, 2012, Adrian Sullivan filed a complaint in the trial court against the petitioners; Harvey Casey; Stevens Pain-ton Corporation; and several fictitiously named defendants. Sullivan sought workers’ compensation benefits from H & M and damages for alleged negligence and wantonness from the remaining defendants. Sullivan averred that the accident occurred on June 22, 2010.
On April 20, 2012, the petitioners filed a motion to dismiss or, in the alternative, to transfer the action based on improper venue. The petitioners argued that the accident happened in Mobile County and that neither H & M nor ThyssenKrupp did business in Washington County. The petitioners submitted a printout from the Alabama Secretary of State’s Web site indicating that ThyssenKrupp was a foreign limited-liability company whose principal *1204 address was at One ThyssenKrupp Drive, Calvert, Alabama, and whose nature of business was the sale of steel. They also attached the affidavit of Harvey Casey, a technical specialist and project manager for ThyssenKrupp. Casey testified in his affidavit that he was a project manager at the “Hot Dip Galvanizing Lines.” He further testified that he is “familiar with and ha[s] knowledge of where the boundaries of both Mobile County and Washington County fall with respect to the [Thyssen-Krupp] site ... based on the extensive experience [he has] on this site, and [his] knowledge of the boundaries of Mobile and Washington County is based upon [his] frequent and extensive use and knowledge of the Master Overlay Plans which depicts the Washington County boundaries upon it as compared to the layout of the [Thyssen-Krupp] site.” He stated that, based on his “review of the maps, [his] professional and personal experience, and [his] knowledge of the [ThyssenKrupp] site, [Thyssen-Krupp] has erected no structure or other improvement on its site that falls within the borders of Washington County.” He further stated that ThyssenKrupp “requires improvements to its property to perform all of its functions related to the production and sale of carbon steel products, and no such improvement has been planned for or erected within Washington County.” He further testified that H <& M’s work was performed exclusively on the “Hot Dip Galvanizing Lines,” and he opined that, based on his “review of the maps, [his] professional and personal experience, and [his] knowledge of the [Thys-senKrupp] site, all work performed by H & M was located well-within the Mobile County boundary line.”
The petitioners also submitted the affidavit of John Dennis, a project manager for H & M. Dennis testified in his affidavit that, at the time of Sullivan’s accident, H & M was a foreign corporation that was performing work on the “Hot Dip Galvanizing Lines” but at no other location in Alabama. He testified that H & M does not regularly do business in any other location in Alabama. Attached to Dennis’s affidavit was the accident report regarding Sullivan’s accident, which indicated that Sullivan’s accident had occurred on the “Hot Dip Galvanizing Lines.” Dennis testified that, although a certain report made by H & M lists Washington County as the location of the accident, he “ha[d] been made to understand that the Hot Dip Galvanizing Lines are located in Mobile County, Alabama, by employees of ThyssenKrupp who have access to maps and satellite imagery of the Thyssen-Krupp site.”
Stevens Painton Corporation also filed a motion to dismiss or, in the alternative, to transfer the action based on improper venue. It attached an affidavit of Tony DeLu-ca, a controller for Stevens Painton. De-Luca testified in his affidavit that Stevens Painton is a foreign corporation and that all the work that it did for ThyssenKrupp was done in Mobile County.
On May 21, 2012, Sullivan moved to strike the affidavits of Casey and Dennis. He argued that Casey’s affidavit was inadmissible to the extent that it contained information regarding in which county improvements were located because he did not attach the maps upon which he relied; he argued that Dennis’s affidavit was inadmissible to the extent that it stated that the “Hot Dip Galvanizing Lines” were in Mobile County because, Sullivan said, that statement was based on inadmissible hearsay.
On May 22, 2012, Sullivan responded to the petitioners’ motion arguing that Thys-senKrupp’s site was located in both Mobile County and Washington County. Sullivan *1205 attached a printout of a Web site page. The title of the page is “ThyssenKrupp Steel and Stainless USA,”[1] and it states that that company’s site would be located in northern Mobile County and southern Washington County. Sullivan also attached tax maps and a deed indicating that the site of “ThyssenKrupp Steel and Stainless USA, LLC,” was located in both Mobile County and Washington County. He also attached a resolution of the Washington County Commission indicating that certain land in Washington County had been designated as an industrial park by “ThyssenKrupp Steel and Stainless USA, LLC.” In addition, Sullivan attached a certificate of merger between “ThyssenKrupp Steel USA, LLC,” and “ThyssenKrupp Steel and Stainless USA, LLC,” dated September 26, 2011. He also attached proof of registration of several vehicles in the name of “ThyssenKrupp Stainless USA, LLC,” in Washington County.[2]
After a hearing, the trial court entered an order, on June 15, 2012, stating:
“Based on the submissions and the arguments of the parties, the Court GRANTS [Sullivan’s] Motion to Strike. The portions of the Casey affidavit relying on documents not attached, and the portions of the Dennis affidavit relying on hearsay information, both identified in [Sullivan’s] Motion, are hereby stricken.
“The Court also finds that Defendants have not met their burden of establishing that venue is not proper in Washington County. This would be true even if the Court considered the Dennis and Casey affidavits in their entirety. Accordingly, the Defendants’ Motions to Dismiss or Transfer are DENIED.”
(Capitalization in original.)

Standard of Review

“ ‘A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows “‘“(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ ” Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala. 2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala. 1999).’
“Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005).
“Applying the general rules to a petition for a writ of mandamus challenging a ruling related to venue, this Court has held: ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala. 1987). ‘Our review is limited to only those facts that were before the trial court.’ Ex parte Kane, 989 So.2d 509, 511 (Ala.2008).”
*1206 Ex parte Lugo de Vega, 65 So.3d 886, 891 (Ala.2010).

Discussion

The petitioners initially argue that the trial court improperly struck Casey’s affidavit because, they assert, his testimony that the “Hot Dip Galvanizing Lines” and all steel-producing business were located in Mobile County was based on personal knowledge.
In Stephens v. First Commercial Bank, 45 So.3d 735, 738-39 (Ala.2010) (plurality opinion), our supreme court reasoned:
“Stephens ... argues that ‘it is apparent that none of the evidence presented to the trial court was within the “personal knowledge” of Mr. Brown.’ Stephens’s brief, p. 13. In previous cases, we have held testimony inadmissible under the best-evidence rule or the hearsay prohibition, but only when it was readily evident that the witness had no personal knowledge of the facts he or she testified to. See, e.g., Ex parte Walker, 623 So.2d [281,] 284 [ (Ala.1992) ] (applying best-evidence rule where it was clear from the record that a bookkeeper’s testimony was based exclusively on books and records of the business and not personal knowledge); Ex parte Head, 572 So.2d 1276, 1281 (Ala.1990) (holding that ‘testimony regarding the relationships among the defendants, purportedly made “from personal knowledge” gained from the records of the probate court,’ was inadmissible where ‘no copies of the probate records from which [the affiant] gained her “personal knowledge” were provided with [the] affidavit’); McMillian v. Wallis, 567 So.2d 1199, 1205 (Ala.1990) (holding that a doctor’s affidavit and deposition testimony describing the contents of an individual’s hospital records were inadmissible hearsay where nothing in the record indicated that the doctor had any personal knowledge of the individual’s history); and Home Bank of Guntersville v. Perpetual Fed. Sav. & Loan Ass’n, 547 So.2d 840, 841-42 (Ala. 1989) (holding that affidavit filed by defendant’s attorney was inadmissible hearsay where ‘[i]t appears from the face of the affidavit that his information concerning these matters must have come to him from his client or from others’).
“However, we cannot agree that, in the present case, it is clear that none of the assertions made by Brown was based on personal knowledge. Unlike the doctor-affiant in McMillian, who expressly stated that he formed his expert opinion based upon ‘my review of the records of the hospitalization,’ 567 So.2d at 1204, and the affiant in Ex parte Head, who stated that he had ‘ “examined the records of the Probate Court of Jefferson County, Alabama, for the purpose of determining the legal relationship of the parties in [this] case as the relationship is disclosed in those records,” ’ 572 So.2d at 1277, Brown unequivocally states in his affidavit that T have personal knowledge of the matters set forth herein.’ Although Stephens disputes that statement, he submitted no evidence that would indicate that the statement is false or that it was made in bad faith. In light of the fact that Brown’s affidavit was filed with FCB’s motion for a summary judgment on November 7, 2008, and that the trial court expressly delayed ruling on that summary-judgment motion until January 6, 2009, in order to give Stephens time to conduct discovery, Stephens had ample time in which to question Brown as to the source of his personal knowledge, either by interrogatories or by deposition. He apparently elected not to do so. In the absence of any evidence indi- *1207 eating that Brown’s affidavit was not based upon his personal knowledge, the trial court correctly considered the affidavit as evidence, because neither the best-evidence rule nor the rule prohibiting hearsay is applicable here.[2]
In the present case, Casey testified in his affidavit that he is “familiar with and ha[s] knowledge of where the boundaries of both Mobile County and Washington County fall with respect to the [Thyssen-Krupp] site ... based on the extensive experience [he has] on this site, and [his] knowledge of the boundaries of Mobile and Washington County is based upon [his] frequent and extensive use and knowledge of the Master Overlay Plans which depicts the Washington County boundaries upon it as compared to the layout of the [Thyssen-Krupp] site.” (Emphasis added.) He stated that, based on his “review of the maps, [his] professional and personal experience, and [his] knowledge of the [ThyssenKrupp] site, [ThyssenKrupp] has erected no structure or other improvement on its site that falls within the borders of Washington County.” (Emphasis added.) He further testified that H & M’s work was performed exclusively on the “Hot Dip Galvanizing Lines” and that from his “review of the maps, [his] professional and personal experience, and [his] knowledge of the [ThyssenKrupp] site, all work performed by H & M was located well-within the Mobile County boundary line.” (Emphasis added.) Based on the language of Casey’s affidavit, it appears clear that Casey did not simply regurgitate the contents of maps or overlay plans. Instead, he testified that he frequently used the master overlay plans and had professional and personal experience regarding the location of the improvements on the ThyssenKrupp site. Thus, we conclude that Casey’s affidavit was based on personal knowledge and that, therefore, attaching the master overlay plans and maps to his affidavit was not required. Sullivan failed to present any evidence calling into question the source of Casey’s knowledge. Stephens, 45 So.3d at 739 n. 2; Rose Manor Health Care, Inc. v. Barnhardt Mfg. Co., 608 So.2d 358, 360-61 (AIa.1992). Accordingly, we conclude that the trial court erred in refusing to consider portions of Casey’s affidavit.
The petitioners next argue that the trial court erred in denying their motion to dismiss or, in the alternative, to transfer the action based on improper venue.
Section 6-3-7(a), Ala.Code 1975, provides:
“All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
*1208 “(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
The petitioners argue that they presented a prima facie case that Sullivan’s accident did not occur in Washington County and that neither H & M nor Thys-senKrupp did business in Washington County; they further argue that Sullivan failed to rebut their evidence. In his affidavit, Casey testified that the “Hot Dip Galvanizing Lines,” where the accident occurred, are in Mobile County. Sullivan failed to produce any evidence to the contrary. Although Sullivan attached a “First Report of Work Injury or Illness” document to his answer to the mandamus petition, that document indicates that it was not produced until after the trial court had entered its- order. We note that Dennis stated in his affidavit that “[H & M] incorrectly listed the location of Columns 13 and 14 of Line 3 of the Hot Dip Galvanizing Lines in Washington County, Alabama, on one or more written reports it provided concerning ... Sullivan’s accident.” Those reports were not shown to the trial court, however. “Our review is limited to only those facts that were before the trial court.” Ex parte Kane, 989 So.2d 509, 511 (Ala.2008). Based on the evidence before the trial court, we conclude that the petitioners met their burden of proving that the accident occurred in Mobile County.
The petitioners also argue that neither H & M nor ThyssenKrupp do business in Washington County. “A corporation does business in a county for purposes of § 6-3-7[, Ala.Code 1975,] if it performs with some regularity in that county some of the business functions for which the corporation was created.” Ex parte Elliott, 80 So.3d 908, 912 (Ala.2011). In Elliott, our supreme court reasoned:
“[B]ecause the timber-supply agreements [at issue] gave IP and Chapman the exclusive rights to timber on land in Conecuh County, because the agreements were recorded in the Conecuh Probate Court, and because the purpose of the agreements was to fulfill IP’s and Chapman’s principal corporate function of manufacturing plywood products, IP and Chapman were doing business in Conecuh County.”
80 So.3d at 914. In the present case, however, Casey testified that Thyssen-Krupp “requires improvements to its property to perform all of its functions related to the production and sale of carbon steel products, and no such improvement has been planned for or erected within Washington County.” Further, the evidence indicated that H & M’s work was done exclusively on the “Hot Dip Galvanizing Lines,” which are located in Mobile County.
In response to that evidence, Sullivan presented evidence indicating that a portion of ThyssenKrupp’s site, which had been designated as an Industrial Park, was located in Washington County. Sullivan did not, however, submit any evidence indicating that any improvements had been built on the Washington County property. Sullivan submitted proof of registration of several vehicles in the name of “Thyssen-Krupp Stainless USA, LLC,” in Washington County; however, he did not submit any evidence indicating any relationship between ThyssenKrupp and “Thyssen-Krupp Stainless USA, LLC.” At the hearing, counsel for ThyssenKrupp admitted that it had twice used barges from a *1209 company located in Washington County “to collect some of its steel coils to ship out in response to a purchase order” but that the barges had come to Mobile County to load the coils. “To establish that a corporation does business in a particular county for purposes of venue, past isolated transactions are inconclusive.” Elliott, 80 So.3d at 912.
Based on the foregoing, we conclude that the petitioners met their burden of proving H & M and ThyssenKrupp did not do business in Washington County and that Sullivan has failed to rebut that evidence. We also agree with the petitioners that the same evidence proves that neither H & M nor ThyssenKrupp had a principal office in Washington County.
For the foregoing reasons, we grant the petition and issue a writ directing the trial court to grant the petitioners’ motion to dismiss or, in the alternative, to transfer the case to the Mobile Circuit Court.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. "ThyssenKrupp Steel and Stainless USA, LLC," had merged with "ThyssenKrupp Steel USA, LLC,” by the time the complaint in this case was filed.

. The materials before this court do not indicate the relationship, if any, between Thyssen-Krupp and "ThyssenKrupp Stainless USA, LLC.”

“ 2 Had Stephens obtained and submitted evidence in response to FCB’s summary-judgment motion calling into question the source of Brown’s knowledge, that response might have ‘made [FCB’s books and records] crucial to the decision in the case.’ See Rose Manor Health Care[, Inc. v. Barnhardt Mfg. Co.], 608 So.2d [358,] 360-61 [(Ala. 1992) ] (‘[The appellee’s affiant] stated that he made the statements of his own personal knowledge and based on his familiarity with [the appellee’s] books and records.... Therefore, the failure to attach the invoices was not fatal to [the appellee’s] summary-judgment motion, at least in the absence of any response by Rose Manor that made the invoices themselves crucial to the decision in the case.’).”