THOMAS, Judge.
Veolia Environmental SVC (“Veolia”)[1] is the defendant in a workers’ compensation action brought in the Etowah Circuit Court by Christopher Herring. On August 29, 2012, Veolia filed a motion to dismiss or, in the alternative, to change venue under the forum non conveniens statute, Ala.Code 1975, § 6-3-21.1, seeking to have the action transferred to the Tal-ladega Circuit Court. In support of its motion, Veolia provided an “Employer’s First Report of Injury or Occupational Disease” form (“the first-report-of-injury form”), completed after Herring reported his injury to his supervisor, and the affidavit of Odis Moore, Veolia’s area safety manager.
The first-report-of-injury form lists Veo-lia’s address as 1430 Speedway Boulevard, Lincoln, Alabama. The first-report-of-injury form also indicates, by virtue of a checked box, that Herring’s injury occurred on Veolia’s premises. On the first-report-of-injury form, the typed description of the injury indicates that Herring told his supervisor that he injured his knee on or about April 18, 2011, “when he was climbing ... on his truck to get a cart. He alleges he hit his right knee on the lip of the packing blade.”
Moore’s affidavit indicates that Veolia’s principal place of business is located in Talladega County. He also avers that “all witnesses who were involved in this accident made the basis of this lawsuit were employees who worked out of’ Veolia’s Talladega County location. Finally, Moore states that it would be inconvenient for Veolia to defend the action in Etowah *841 County because Herring worked out of Veolia’s Talladega County location and “most witnesses reside nearer to Talladega County than to Etowah County.”
On October 10, 2012, Herring filed a response in opposition to the motion to transfer. The trial court denied Veolia’s motion on October 31, 2012. Veolia sought reconsideration of the denial of its motion to transfer on November 19, 2012, and the trial court denied that motion on November 20, 2012. Veolia filed this petition in our supreme court on December 10, 2012, and that court transferred the petition to this court, because it falls within our jurisdiction, on January 7, 2013.
In addition to the materials mentioned above, Veolia has appended to its petition an affidavit from Erskine Watson Riddle, Herring’s direct supervisor and an expected witness. Based on the fact that Riddle’s affidavit was not mentioned in Veo-lia’s November 19, 2012, motion seeking reconsideration of the trial court’s denial of the motion to transfer and on the fact that the affidavit is dated November 20, 2012, the day after Veolia moved the trial court to reconsider its denial of the motion to transfer, we question whether Riddle’s affidavit was submitted to the trial court. In any event, the affidavit states only that Riddle would be inconvenienced if he had to travel to Etowah County for the trial.
Veolia argues that it is entitled to a writ of mandamus directing the Eto-wah Circuit Court to transfer the action to the Talladega Circuit Court because, it contends, it established both that Tallade-ga County would be a more convenient forum for the parties and witnesses and that the interests of justice compelled transfer of the action under § 6-3-21.1. Veolia relies heavily on our supreme court’s opinion in Ex parte Indiana Mills and Manufacturing, Inc., 10 So.3d 536 (Ala.2008). However, as explained below, we cannot agree that Veolia has met the burden of proving that it has a clear legal right to the relief it seeks, which is a requirement for mandamus relief.
“The proper method for obtaining review of a' denial of a motion . for a change of venue in a civil action is to petition for a writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986). ‘When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). ‘A .writ of mandamus is an extraordinary remedy, requiring the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’ Ex parte Nichols, 757 So.2d 374, 376 (Ala.1999).”
Ex parte Yocum, 963 So.2d 600, 602 (Ala.2007).
Veolia relies on the forum non con-veniens statute, § 6-3-21.1(a), which reads:
“With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. Provided, however, this section shall not apply to cases subject to [Ala.Code 1975], Section 30-3-5.”
*842 Under the forum non conveniens statute, a trial court must transfer an action when a party seeking the transfer proves either (1) that the convenience of the parties or witnesses would be significantly aided by transfer, see Ex parte Nichols, 757 So.2d 374, 378 (Ála.1999) (“[T]he burden is on the party moving for the transfer to prove that the transferee forum is significantly more convenient than the plaintiffs chosen forum.”), or (2) that the “interests of justice” necessitate a transfer. Ex parte National Sec. Ins. Co., 727 So.2d 788, 790 (Ala.1998) (“[T]he ‘interest of justice’ [prong] require[s] the transfer of [an] action from a county with little, if any, connection to the action, to the county with a strong connection to the action.”).
“ ‘A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties or witnesses or based on the interest of justice.’ ” Ex parte Kane, 989 So.2d 509, 511 (Ala.2008) (quoting Ex parte National Sec. Ins. Co., 727 So.2d at 789). “Our review is limited to only those facts that were before the trial court.” Ex parte Kane, 989 So.2d at 511. Further, “those facts ‘must be based upon “eviden-tiary material,” which does not include statements of counsel in motions, briefs, and arguments.’ ” Ex parte Indiana Mills & Mfg., Inc., 10 So.3d at 541 n. 3 (quoting Ex parte ADT Sec. Servs., Inc., 933 So.2d 343, 345 (Ala.2006)).
The facts established by the meager evi-dentiary materials presented to the trial court and made exhibits to Veolia’s mandamus petition establish that Herring’s injury occurred in Talladega County, that Veo-lia’s principal place of business is located in Talladega County, that expected witnesses were employed by Veolia in Tal-ladega County, that Veolia would find it inconvenient to defend the action in Eto-wah County, that expected witness Riddle would find it inconvenient to travel to Eto-wah County for trial, and that, according to Moore, “most witnesses reside nearer to Talladega County than to Etowah County.” This court must consider whether these facts are sufficient to require a transfer of the action under the forum non conveniens statute.
We first consider whether a transfer of the action was required under the convenience-of-the-parties prong. A review of the caselaw relevant to the convenience-of-the-parties prong of the forum non conveniens statute indicates that the meager showing made by Veolia is insufficient to support a conclusion that the trial court abused its discretion in denying Veo-lia’s motion. As our supreme court explained in Ex parte Nichols, 757 So.2d at 379, the location of nonparty witnesses is an appropriate factor for the trial court to consider. However, the Nichols court further held that the convenience of nonparty witnesses that are employees of one of the parties to the case, and therefore whose presence may be obtained by one of the parties, does not weigh heavily in favor of a transfer. Id.; Ex parte Yocum, 963 So.2d at 602 (“Further, the inconvenience to nonparty witnesses does not weigh heavily where, as here, those witnesses are employees of the ... defendants and their presence at trial can be secured by those defendants.”); see also 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3851, at 216-217 (3d ed.2007) (discussing 28 U.S.C. § 1404(a), which permits transfer between United States district courts “[f]or the convenience of parties and witnesses, in the interest of justice,” and stating that “the convenience of witnesses who are employees of a party is given less weight by the court because that party can obtain their presence at trial”). In any event, “[t]he doctrine oí forum non conve- *843 niens ‘provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient,’ ” Ex parte Nichols, 757 So.2d at 379 (quoting Van Dusen v. Barrack, 376 U.S. 612, 645-46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)), and Alabama courts have typically required a party seeking the transfer “to prove that the transferee forum is significantly more convenient than the plaintiffs chosen forum.” Ex parte Nichols, 757 So.2d at 378. The fact that the witnesses employed by Veolia, like Riddle, might be located closer to Talladega County or might be inconvenienced by having to travel to Etowah County, then, does not entitle Veolia to a transfer of the action under the forum non conveniens statute.
Turning now to an analysis of the interest-of-justice prong, this court must consider whether Veolia has established that Talladega County has a strong connection to Herring’s action and that Eto-wah County has “little, if any,” connection to the action. Ex parte National Sec. Ins. Co., 727 So.2d at 790. Veolia has presented evidence indicating that its principal place of business is in Talladega County and that the accident giving rise to this action occurred in Talladega County. Thus, it has established that the action indeed has a connection to Talladega County.
However, Veolia has not presented evidence equivalent to that of the evidence presented by the respondent in Ex parte Indiana Mills and Manufacturing, Inc., the case on which it relies in arguing that it is entitled to a writ of mandamus in the present case. In Ex parte Indiana Mills and Manufacturing, Inc., 10 So.3d at 541, the defendant presented evidence indicating that only one defendant resided in the forum county and that “none of the relevant facts in th[e] case actually involve[d]” the forum county; through affidavits and testimony, the defendant established that the accident had occurred in the transferee county and that all the evidence relating to the accident and its investigation was located in the transferee county. Similarly, the petitioners in Ex parte National Security Insurance Co., 727 So.2d at 790, Ex parte First Family Financial Services, Inc., 718 So.2d 658, 662 (Ala.1998), and Ex parte Independent Life and Accident Insurance Co., 725 So.2d 955, 956 (Ala.1998), established, in addition to other facts demonstrating a significant connection to the transferee county, that the plaintiffs in each of those actions did not reside in the forum county and instead resided in the transferee county. Veolia may have established that Herring’s action has a significant connection with Talladega County, but it has not established that “ ‘the “nexus” or “connection” between [Herring’s] action and the original forum is [not] strong enough to warrant burdening [Herring’s chosen] forum with the action.’ ” Ex parte Price, 47 So.3d 1221, 1225 (Ala.2010) (quoting Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008)).
Because Veolia had in the trial court the burden of demonstrating that the convenience of the parties and witnesses or the interest of justice necessitated a transfer of the action, see Ex parte Kane, 989 So.2d at 511, and because Veolia has the burden in this court of demonstrating a clear legal right to relief, Ex parte Yocum, 963 So.2d at 602, but has not met those burdens, we cannot agree that it is entitled to the writ of mandamus it seeks. Thus, we deny the petition for the writ of mandamus.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ„ concur.

. The petition refers to Veolia as Veolia Environmental SVC. Certain of the exhibits refer to Veolia as Veolia Environmental Services, Inc., Veolia Environmental Service, and Veo-lia ES Solid Waste, Inc.