PITTMAN, Judge.
Blair Logistics, LLC (“Blair”), petitions this court for a writ of mandamus directing the Jefferson Circuit Court to grant Blair’s motion to transfer a civil action, brought against Blair by Dale Jackson, to the Chil-ton Circuit Court on the basis that, under the doctrine of forum non conveniens, Chil-ton County is a more appropriate venue.
On February 5, 2013, Jackson filed a complaint in the Jefferson Circuit Court (“the trial court”) against Blair and a number of fictitiously named defendants, seeking benefits pursuant to the Workers’ Compensation Act (“the Act”), Ala.Code 1975, § 25-5-1 et seq., for an injury he allegedly suffered on or about June 12, 2012, in the line and scope of his employment with Blair. Blair answered the complaint, denying, among other things, the existence of an employer/employee relationship between it and Jackson; Blair also asserted that venue was improper in Jefferson County and that Jefferson County was an inconvenient forum.
On September 17, 2013, Blair filed a motion to transfer the action to the Chilton *953 Circuit Court. It asserted that, at the time of the filing of the action, Jackson was living in Chilton County and that he had been living in Chilton County at the time of the accident; that the alleged accident had occurred in Chilton County; that Jackson had first sought treatment for his alleged injuries in Chilton County; and that Jackson had primarily received his medical treatment in Chilton County. Blair argued that, although venue was proper in Jefferson County, the action should be transferred to Chilton County pursuant to Ala.Code 1975, § 6-3-21.1, Alabama’s forum non conveniens statute, based on both the convenience of the parties and the witnesses as well as in the interest of justice. Blair attached to its motion, among other things, Jackson’s interrogatory answers, which indicate that Jackson had sought medical treatment for his injuries in Clanton, which is in Chilton County, and in Birmingham, which is in Jefferson County. Jackson filed a response to Blair’s motion to change venue, asserting, among other things, that Blair’s primary place of business is in Jefferson County; that Jackson’s treating physicians are located in Jefferson County; that Blair’s employment contract requires that all legal disputes be resolved in Jefferson County; that the depositions of Jackson and representatives of Blair had been taken in Jefferson County; and that a transfer of the action would cause unreasonable and unnecessary delay. On December 16, 2013, the trial court entered an order denying Blair’s motion to change venue. Blair timely filed a petition for a writ of mandamus with this court.
Before addressing the substantive arguments made by Blair in its petition, we note that Jackson attached a number of exhibits to his answer to Blair’s petition and that Blair has filed a motion with this court to strike three of those exhibits and any references thereto because, Blair argues, those exhibits were not before the trial court at the time it entered its order denying Blair’s motion to change venue. Jackson has not filed anything with this court disputing Blair’s assertion that the three exhibits referenced in the motion to strike were not before the trial court when it entered its order denying Blair’s motion to transfer. “In ruling on a petition for the writ of mandamus, ‘[a reviewing c]ourt is bound by the record, and it cannot consider a statement or evidence in a party’s brief that was not before the trial court. Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995).’ ” Ex parte Vest, 68 So.3d 881, 883 (Ala.Civ.App.2011) (quoting Ex parte Pike Fabrication, Inc., 859 So.2d 1089,1091 (Ala.2002)). Accordingly, because the three exhibits that are the subject of Blair’s motion to strike were undisputedly not before the trial court when it denied Blair’s motion to transfer, we grant Blair’s motion to strike with respect to those three exhibits and will disregard any statements in Jackson’s answer and brief that are based solely on those exhibits.
Blair argues in its petition that the trial court acted outside its discretion in denying Blair’s motion to change venue. Jackson argues in his answer to Blair’s petition that the trial court appropriately denied Blair’s motion.
“ ‘ “A writ of mandamus is an extraordinary remedy ... that should be granted only if the trial court clearly abused its discretion by acting in an arbitrary or capricious manner.” Ex parte Edwards, 727 So.2d 792, 794 (Ala.1998). The petitioner must demonstrate:
“““(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied *954 by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
“ ‘Ex parte Edwards, 727 So.2d at 794 (quoting Ex parte Adams, 514 So.2d 845, 850 (Ala.1987)).’
“Ex parte D.J.B., 859 So.2d 445, 448 (Ala.Civ.App.2003).”
Ex parte S.P., 72 So.3d 1250,1251-52 (Ala.Civ.App.2011).
Because Jackson filed his complaint seeking workers’ compensation benefits naming a corporation as a defendant, venue of the action is governed by Ala.Code 1975, § 6-3-7. See Ex parte Adams, 11 So.3d 243, 246-47 (Ala.Civ.App.2008) (explaining application to workers’ compensation actions of general venue statutes regarding actions in tort). Section 6-3-7 provides:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or “(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
In the present case, it is undisputed that Jackson’s alleged injuries occurred in Chil-ton County, that Blair’s principal office is in Jefferson County, and that Jackson resided in Chilton County at the time of the alleged accident. Thus, both Chilton County and Jefferson County are proper venues pursuant to § 6-3-7.
Section 6-3-21.1 provides, in pertinent part:
“(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein....”
Blair asserts in its petition that both “the convenience of parties and witnesses” and the “interest of justice” mandate that the present case be transferred to Chilton County. Blair argues that Jackson received medical treatment in Chilton County, that the injury occurred at Jackson’s residence in Chilton County, and that it anticipated calling as witnesses Jackson’s wife, who also resides in Chilton County, and employees of Jackson’s medical providers. With regard to the interest-of-justice prong of § 6-3-21.1, Blair argues that the case has a very strong connection to Chilton County and a weak connection to Jefferson County.
In response, Jackson asserts, among other things, that Blair’s primary place of business is in Jefferson County; that nearly all the relevant treatment for his alleged injury occurred in Jefferson County; that all notices for depositions issued by either party required the deponent to appear in Jefferson County; that Blair had required Jackson to sign an agreement as a condition of his hiring that provided that “jurisdiction” of any disputes *955 between Blair and Jackson be in Jefferson County; and that Jackson and his wife, who both live in Chilton County, prefer that the venue remain unchanged from Jefferson County. Jackson submitted to the trial court an excerpt of a lease agreement that he signed, which states that any disputes regarding the agreement shall be submitted to arbitration and that such arbitration shall be held in Jefferson County.[1]
“The purposes of the forum non con-veniens doctrine of § 6-3-21.1[, Ala.Code 1975,] are to prevent the waste of time and energy and to protect witnesses, litigants, and the public against unnecessary expense and inconvenience. Ex parte New England Mut. Life Ins. Co., 663 So.2d 952 (Ala.1995); Ex parte Townsend, 589 So.2d 711 (Ala.1991). A defendant seeking a transfer based on § 6-3-21.1 has the burden of proving to the satisfaction of the trial court that the defendant’s inconvenience and expense in defending the action in the venue selected by the plaintiff are so great that the plaintiffs right to choose the forum is overcome. Ex parte New England Mut. Life, 663 So.2d at 956; Ex parte Townsend, 589 So.2d at 715. For a transfer to be justified, the transferee forum must be ‘significantly more convenient’ than the forum chosen by the plaintiff. Ex parte Townsend, 589 So.2d at 715. See also [ ] Ex parte Johnson, 638 So.2d 772, 774 (Ala.1994).”
Ex parte Integon Corp., 672 So.2d 497, 500 (Ala.1995).
In the present case, Jackson filed the action in the county of Blair’s primary place of business. Additionally, Jackson presented evidence indicating that depositions had been conducted in Jefferson County. Those facts weigh against a finding that Jefferson County, the forum selected by Jackson, is inconvenient to Blair, which is located in that county. In Ex parte Veolia Environmental SVC, 122 So.3d 839 (Ala.Civ.App.2013), this court addressed a situation similar to the one in the present case, in which a corporation had moved to change venue pursuant to § 6-3-21.1. In Veolia, this court determined that the corporation had failed to establish that the transferee county had a strong connection to the action and that the county in which the action had been filed had “ ‘little, if any,’ connection to the action.” Veolia, 122 So.3d at 843 (quoting Ex parte National Sec. Ins. Co., 727 So.2d 788, 790 (Ala.1998)). Specifically, we observed that, although the corporation might have established that the action had a significant connection with the transferee county, it had not established that “ ‘ “the ‘nexus’ or ‘connection’ between [the plaintiffs] action and the original forum is [not] strong enough to warrant burdening [the plaintiffs chosen] forum with the action.” ’ ” 122 So.3d at 843 (quoting Ex parte Price, 47 So.3d 1221,1225 (Ala.2010), quoting in turn Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008)). Similarly, in the present case, Blair has presented evidence that would support a conclusion that Chilton County has a strong connection to the action; however, Blair has failed to prove that this action has little, if any, connection to Jefferson County, the county in which Jackson instituted this action, or that the connection between the action and Jefferson County is not strong enough to warrant burdening Jefferson County with the action.
In Ex parte American Resources Insurance Co., 58 So.3d 118, 123 (Ala.2010), the Alabama Supreme Court observed that the *956 county , in which one corporation had its principal office appeared to have as much interest “in the proper resolution of a coverage dispute between its resident insurance corporation and the insured corporation” from another county as did the other county. In-the present case, we hold that the trial court was within its discretion to conclude that Jefferson County has as much of an interest in determining a dispute regarding a workers’ compensation action involving a resident corporation in which the underlying existence of an employer/employee relationship, upon which a workers’ compensation claim has been based, is at issue as would the county in which the allegedly compensable injury occurred.
Because Blair has failed to meet its burden of demonstrating a clear legal right to the relief sought, we deny the petition for the writ of mandamus.
MOTION TO STRIKE GRANTED; PETITION DENIED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. We note that, although the excerpt of the lease agreement does not identify Blair's name within its text, there is no dispute by Blair, either in the trial court or on appeal, that that agreement was executed between Jackson and Blair.