THOMPSON, Presiding Judge.
Diamond Scaffold Services Group, Inc. (“Diamond Scaffold”), petitions this court for a writ of mandamus directing the Washington Circuit Court (“the trial court”) to set aside an order denying Diamond Scaffold’s motion seeking to change venue of the underlying workers’ compensation action to Mobile County and to enter an order transferring the action to the Mobile Circuit Court. For the reasons set forth below, we grant the petition and issue the writ.
The materials Diamond Scaffold submitted in support of its petition indicate the following.[1] Diamond Scaffold provides services to erect, maintain, and dismantle industrial scaffolding. Daniel Reed, the plaintiff in the underlying case, was employed by Diamond Scaffold in August 2011. At that time, Diamond Scaffold was performing work as a subcontractor for ThyssenKrupp Steel USA, LLC (“Thys-senKrupp”), at ThyssenKrupp’s construction site in Calvert.[2] On August 14, 2011, Reed was working at the site when he fell and injured his back. On August 8, 2013, Reed, a resident of Washington County, filed a complaint for workers’ compensation benefits in the Washington Circuit Court. Reed contends that venue is proper in Washington County because, he says, he resides there and the ThyssenKrupp steel mill where he was working when he was injured is in Washington County.
The incident-analysis report completed after Reed’s injury indicates that the accident took place at “HDG # 1.” “HDG” stands for “Hot Dip Galvanizing” Lines (“HDGL”), a specific section of Thyssen-Krupp’s operations at the facility where the accident occurred. Harvey Casey, a technical specialist project manager for ThyssenKrupp, submitted an affidavit in support of Diamond Scaffold’s motion. In his affidavit, Casey stated that, based on his experience at the construction site where Diamond Scaffold was working and based on his knowledge of the boundary between Washington County and Mobile County, which he gained from “frequent and extensive use and knowledge of the Master Overlay Plans” that show the counties’ boundary line in relation to the Thys-senKrupp site, he knew that the HDGL building where Reed’s accident occurred lies in Mobile County. Casey said he was able to determine that the HDGL building is 1.25 miles from the Washington County boundary line.
In Reed’s response to Diamond Scaffold’s motion, he attached exhibits, including maps, probate records, receipts indicating that ThyssenKrupp registered vehicles in Washington County, and other documents purporting to show that ThyssenKrupp owned property in or did business in Washington County. However, he presented no similar evidence pertaining to Diamond Scaffold. At the hearing on the motion to transfer the action, the transcript of which is included in the materials before this court, Reed’s attorney stated that “[t]he fact that the injury oc *1288 curred in Mobile County is disingenuous in this case.” Reed’s attorney said:
“As far as I’m concerned, it’s my position that if you get hurt at the [Thyssen-Krupp] facility, you can file a lawsuit in Washington County or you can file a lawsuit in Mobile County because the plant is located in both counties.... The fact that you might be hurt in a particular portion of that plant is completely and totally disingenuous, and that argument is without merit.”
In its order dated May 21, 2013, the trial court agreed with Reed that the ThyssenKrupp facility where Diamond Scaffold was working when Reed’s accident occurred was located in both Washington and Mobile Counties. The trial court stated that “because Diamond Scaffold was providing services to Thyssen-Krupp ... at the time [Reed] was injured, Diamond Scaffold likewise was doing business in both Mobile and Washington counties.” The trial court found that, because Reed was a resident of Washington County and because Diamond Scaffold was doing business in Washington County, venue in that county was proper, and it denied Diamond Scaffold’s request to transfer the action to Mobile County. Diamond Scaffold then filed its petition for a writ of mandamus.
“A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. Ex parte Sawyer, 892 So.2d 898, 901 (Ala.2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’ Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala. 1999).”
Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005).
In its petition, Diamond Scaffold argues that the trial court’s order denying the change of venue is not supported by any evidence or authority. Diamond Scaffold contends that it made a prima facie showing that the accident occurred in Mobile County; that its principal office was in Mobile County; and that it did not do business in Washington County. Because Reed failed to rebut that showing, Diamond Scaffold asserts, venue is proper only in Mobile County and the trial court erred in denying its motion.
In his complaint, Reed named a corporation — Diamond Scaffold — as a defendant. Therefore, venue of the action is governed by § 6-3-7, Ala.Code 1975. See Ex parte Blair Logistics, LLC, 157 So.3d 951, 954 (Ala.Civ.App.2014); Ex parte Adams, 11 So.3d 243, 246-47 (Ala.Civ.App.2008) (explaining the application to workers’ compensation actions of general venue statutes regarding actions in tort).
Section 6-3-7 provides:
“(a) All civil actions against, corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is *1289 an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
In this case, the evidence is undisputed that the accident in which Reed was injured occurred in Mobile County, that Reed was an employee of Diamond Scaffold and not of ThyssenKrupp, and that Diamond Scaffold’s principal office was in Mobile County. At the time of Reed’s on-the-job injury, Diamond Scaffold was a subcontractor — or agent — of Thyssen-Krupp. We find no authority, and we note that neither Reed nor the trial court cited any authority, standing for the proposition that an action may be brought against an agent in a county where its principal does business. Indeed, such a rule could yield unconscionable results. For example, ThyssenKrupp is an international corporation doing business at locations throughout the world. It would make no sense to hold that an agent such as Diamond Scaffold, which the evidence indicates does business only in one county, might be subject to being sued anywhere its principal does business.
Further, we conclude that, because ThyssenKrupp is not a defendant in this case, the fact that its facility lies in both Washington and Mobile Counties is irrelevant in this action. Cf. Ex parte H & M Indus. Servs., Inc., 127 So.3d 1202 (Ala. Civ.App.2012) (holding that employee failed to rebut prima facie showing that neither of the named defendants — H & M Industrial Services, Inc., and Thyssen-Krupp Steel USA, LLC—did business in Washington County and ordering transfer of workers’ compensation action to Mobile County). As mentioned, the evidence in the materials before this court indicates that the accident occurred in Mobile County and that the principal office of the only corporate defendant, Diamond Scaffold, is in Mobile County. There is no evidence indicating that Diamond Scaffold has ever done business by agent in Washington County. A straightforward analysis on the issue of venue demonstrates that there was no factual or legal basis for determining that venue is proper in Washington County.
For the reasons set forth above, we grant the petition and issue a writ directing the trial court to vacate its order of May 21, 2013, and to grant Diamond Scaffold’s motion to transfer the action to the Mobile Circuit Court.
PETITION GRANTED; WRIT ISSUED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Daniel Reed, the respondent, did not file any materials with the brief he submitted to this court in response to the petition.

. This court takes judicial notice that Calvert lies in both Mobile and Washington Counties.