THOMPSON, Presiding Judge.
On May 12, 2016, Gentile Company, LLC, doing business as Jan-Pro of North Alabama (“Gentile”), filed a complaint in the Jefferson Circuit Court (“the trial court”) seeking to recover damages from The Bright Star Restaurant, Inc. (“Bright Star”), on claims alleging breach of contract and negligence. In its complaint, Gentile alleged that it had entered into a contract to provide cleaning services for Bright Star and that Bright Star had wrongfully terminated the contract on April 15, 2016,
Bright Star responded to the complaint on June 17, 2016, by filing a motion seeking to dismiss the complaint or, in the alternative, to transfer the action to the Jefferson Circuit Court, Bessemer Division (“the Bessemer division”). See Act No. 213, Ala. Local Acts 1919 (creating the Bessemer division of the Jefferson Circuit Court); Ex parte Flexible Prods. Co., 961 So.2d 111, 114-15 (Ala. 2006) (holding that Act No. 213, Ala. Local Acts 1919, is -a venue statute); and § 6-3-7(d), Ala. Code 1975 (“[I]n any county having two courthouses, the divisions shall be treated as two separate judicial districts for purposes of venue and for purposes of any change or transfer of venue .... ”). Bright Star argued in its motion to dismiss or to transfer (that motion is hereinafter referred to as “the motion to transfer”) that venue was proper in the Bessemer division, and, as an alternate basis for seeking a change of venue, it argued the theory of forum non conveniens.
On June 28, 2016, the trial court entered an order denying that part of Bright Star’s motion to, transfer in which Bright Star had sought the dismissal of Gentile’s action but granting the request for a change of venue and ordering that the action be transferred to the Bessemer division. Gentile filed a purported postjudgment motion. See SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1208 n.1 (Ala. Civ. App. 2007) (“A valid postjudgment motion may only be taken in reference to a final judgment.”).' Bright Star responded to' the purported postjudgraent motion, and Gentile filed a reply to that response. The trial court conducted a hearing, and it entered an order on July 18, 2016, in which it denied Gentile’s purported postjudgment motion.[1] Gentile filed a petition for a writ of mandamus on July 22, 2016, within the presumptively reasonable time allowed for *1068 challenging the June 28, 2016, order. See Norman v. Norman, 984 So.2d 427, 429 (Ala. Civ. App. 2007) (“The presumptively reasonable time within which to file a petition for a writ of mandamus is the time in which an appeal may be taken, i.e., 42 days.” '(citing Rule 21(a), Ala. R. App. P., and Ex parte Fiber Transp., L.L.C., 902 So.2d 98 (Ala. Civ. App. 2004))).
An order granting a motion to change venue is reviewable by a petition for a writ of mandamus. Ex parte Morrow, 259 Ala. 250, 66 So.2d 130 (1953).
“Mandamus is a drastic and extraordinary writ to be issued only where ‘(1) there is a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). When this Court considers a - petition for a writ of mandamus relating to a venue ruling, this Court’s ‘scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.’ Jd. Additionally, ‘[o]ur review is further limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So.2d [788, 789 (Ala. 1998) ]; Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala. 1995).’ Ex parte Alabama Great Southern R.R., 788 So.2d 886, 888 (Ala. 2000).”
Ex parte MedPartners, Inc., 820 So.2d 815, 818 (Ala. 2001).
“The question of proper venue for an action is determined at the commencement of the action.” Ex parte Pratt, 815 So.2d 532, 534 (Ala. 2001). In this case, Gentile alleged in its complaint that Bright Star is a domestic corporation. Section 6-3-7(a), Ala. Code 1975, which governs venue of actions against foreign and domestic corporate defendants, provides, in pertinent part:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation'does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
In its complaint, in support of its contention that venue was proper in the trial court, Gentile alleged that it is a domestic corporation “that at all times material and relevant to this complaint did business by agent in Jefferson County, Alabama.” Gentile further alleged that Bright Star is also a domestic corporation “that is qualified to do business in Alabama, and does business in Jefferson County.” In its motion to transfer, Bright Star alleged only that its restaurant is located in Bessemer and that “the substantial part of the events or omissions giving rise to the action” occurred in Bessemer, at the location of the restaurant. Based on the allegations in the complaint and the motion to transfer, the trial court entered its June 28, 2016, order.
*1069 Gentile’s purported postjudgment motion, Bright Star’s response to that motion, and Gentile’s reply contained allegations similar to those made in the complaint and the motion to transfer. In support of its reply, Gentile submitted an affidavit of its president, Dominic Gentile. In their filings made after the trial court’s initial ruling, both parties argued the venue issue thoroughly. The trial court conducted a hearing at which it considered the arguments of counsel. The trial court then entered its July 18, 2016, order, which clarified its earlier, June 28, 2016, order by specifically finding:
“1. The greater part of the performance of the contract at issue is in the Bessemer Division and took place at [Bright Star’s] premises in Bessemer; and
“2. [T]he relative inconvenience of the parties and the material witnesses, some of whom have transportation challenges, is a major issue and makes the Bessemer Division an issue under forum non conveniens.”
In its petition for a writ of mandamus, Gentile argues that Bright Star did not meet its evidentiary burden. We agree. Bright Star presented no evidence in support of its motion to transfer. Although it is a logical inference from the allegations of the parties that most of the performance of the contract occurred in Bessemer, Bright Star made no attempt to present evidence to support that finding. “The un-sworn statements, factual assertions, and arguments of counsel are not evidence.” Ex parte Russell, 911 So.2d 719, 725 (Ala. Civ. App. 2005). Similarly, the statements made by counsel in an unsworn pleading or motion are also not evidence. Hicks v. Jackson Cty. Comm’n, 990 So.2d 904, 905 n.1 (Ala. Civ. App. 2008). The only evidence before the trial court was the affidavit of Dominic Gentile, which arguably supports a determination that venue was proper in the trial court under § 6-3-7(a)(3).[2] It is well settled that if venue is proper in two locations, the plaintiff, in this case Gentile, may select the court in which it wants to proceed. Ex parte H.L. Raburn & Co., 384 So.2d 1075, 1076 (Ala. 1980).
Further, neither party presented evidence on the other ground on which the trial court based its decision, i.e., the doctrine of forum non conveniens. Our supreme court has explained:
“ ‘ “A defendant moving for a transfer under § 6-3-21.1[, Ala. Code 1975, the statute governing venue transfers under the doctrine of forum non conveniens,] has the initial burden of showing that the transfer is justified, based on the convenience of the parties or witnesses or based on the interest of justice.” ’ Ex parte Kane, 989 So.2d 509, 511 (Ala. 2008) (quoting Ex parte National Sec. Ins. Co., 727 So.2d [788,] 789 [(Ala. 1998)]). ‘Our review is limited to only those facts that were before the trial court.’ Ex parte Kane, 989 So.2d at 511, Further, ‘those facts “must be based upon ‘evidentiary material,’ which does not include statements of counsel in motions, briefs, and arguments.” ’ Ex parte Indiana Mills & Mfg., Inc., 10 So.3d [536,] 541 n.3 [ (Ala. 2008) ] (quoting Ex parte ADT Sec. Servs., Inc., 933 So.2d 343, 345 (Ala. 2006)).”
Ex parte Veolia Envtl. SVC, 122 So.3d 839, 842 (Ala. Civ. App. 2013).
Given the failure of Bright Star to present any evidence on the issue of forum non conveniens, we must conclude that Bright *1070 Star failed to meet its burden for transferring the action to the Bessemer division for • that reason as well. We grant the petition for a writ of mandamus, and we direct the trial court to vacate its June 28, 2016, order transferring the action to the Bessemer division and its July 18, 2016, order clarifying its reasoning for the transfer.
PETITION GRANTED; WRIT ISSUED. -
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

. We note that there is no indication that, at the time the trial court reconsidered its ruling granting the motion to transfer for venue, the case had been sent to or docketed in the Bessemer division. See Ex parte Sawyer, 873 So.2d 166, 167 (Ala. 1993) (a trial court may not change its mind or reconsider a transfer for venue once the action has been transferred to and docketed in the new court).

. In that affidavit, Dominic Gentile stated that Gentile's offices were not located within the Bessemer division and that he did not "consider” Bright Star’s payment under the contract at issue fulfilled until Gentile had acknowledged receipt of that payment in its Birmingham office.